## A91A1532. JENKINS v. THE STATE.
### (411 SE2d 122)

BIRDSONG, Presiding Judge.

Michael Anthony Jenkins appeals his conviction for armed robbery, kidnapping, possession of a sawed-off shotgun, possession of a firearm during the commission of a crime and possession of a firearm by a convicted felon. The crimes were committed January 18, 1988. There was evidence that four men entered the tavern managed by the victim Carl Pierce, hollered out Carl Pierce's name, and abducted him while brandishing weapons. When Pierce was put in the car by his abductors, there was no one in the car; then four men got in the car with him, two in the front seat and two in the back seat. Their vehicle was pursued by Carl Pierce's brother and others in a truck. The vehicle containing Carl Pierce stopped and Pierce got out and got in his brother's truck; he had been made to remove his clothes and was wearing only underwear. He and his fellows in the truck followed the abductors onto Interstate 95 and managed to attract the attention of a highway patrol officer, who gave chase to the lead vehicle. The vehicle was stopped and disgorged two persons; one ran into the woods and escaped and one jumped on the hood of the car. The car sped away, but was stopped again by a Georgia highway patrolman, Riner. Officer Riner approached the car and found appellant Michael Anthony Jenkins in the back seat alone. At his feet on the floor of the back seat were found a shotgun, shotgun shells, and credit cards and papers belonging to the victim Carl Pierce. Appellant's statement was read to the jury; in it, he said he went to the tavern with the others but did not go inside.

Appellant complains that the evidence was insufficient to convict him of these offenses because neither Carl Pierce nor anyone else testified that appellant entered the tavern, or held a gun, or kidnapped Carl Pierce, or robbed him; and that appellant's mere presence in the back seat where Carl Pierce had been placed in the abductors' car is insufficient to convict him of these crimes. Appellant also complains of errors in the trial court's charge to the jury. *Held*:

1. The victim testified that the abductors kicked in the door of the tavern and called out his name, and that two of them grabbed him and took him to their car. Four people got in the car after he was

put in it. He did not recognize any of his abductors. The driver wore a mask; Pierce did not get a good look at the others. It was dark; there was no interior light in the car. Pierce did not see a gun while he was in the car, but he had seen one of the men with a pump gun when they abducted him from the tavern. Another witness who was in the tavern testified that four men came into the tavern, and that three of the men who kicked in the door wore stocking masks. This witness heard "guns ripping back like pump shotguns" and saw two of the men with sawed-off shotguns. Pierce was made to sit in the middle of the back seat between two of the kidnappers. While they were driving and being followed by the victim's brother and friends in their truck, one of the kidnappers said "Shoot him," and one said "Put him out." The car stopped and Pierce was pushed out. A gun was shot back at the truck by someone in the kidnappers' car and several more shots were fired as the truck pursued the car up I-95. Officer Riner identified appellant as the person who was sitting in the back seat when the car was finally stopped; appellant was sitting in the middle of the seat or near the passenger side. Officer Riner saw only one gun left in the car. The investigating GBI officer testified he inventoried the car and found a gun in the rear floorboard of the car on the driver's side. A photograph in evidence shows the shotgun on the floor with barrel pointed to the driver's side rear door and the stock resting up on the hump of the floorboard, trigger side up. The gun was loaded with three shells.

This evidence is not necessarily to be characterized as entirely circumstantial, and if it is, it is amply sufficient to persuade a rational trier of fact of appellant Jenkins' guilt of all the offenses charged at the least as a party to the crime (see OCGA § 16-2-20) beyond a reasonable doubt and to the exclusion of every reasonable hypothesis. See OCGA § 24-4-6; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). What is a reasonable hypothesis is generally a question for the jury (see *Harris v. State*, 236 Ga. 242 (223 SE2d 643)), and we have no yardstick to determine what is a "reasonable" hypothesis save the opinion of the jurors. *Townsend v. State*, 127 Ga. App. 797, 799 (195 SE2d 474). On appeal the presumption of innocence no longer obtains; viewing this evidence in favor of the jury verdict as we must, we find there is no reasonable hypothesis exonerating appellant in this series of felonious crimes. Appellant admitted being outside the tavern. Four men abducted Pierce from the tavern; four men put him in the car; two men left the car during the chase but no one else was seen entering the car. Appellant sat in the back in the middle or passenger's seat, plainly within arm's reach of the trigger and stock of the shotgun found in the back seat floorboard (see *Mitchell v. State*, 150 Ga. App. 44, 46 (256 SE2d 652)), and this was the only gun found in the car when it was stopped. We do not experience the great diffi-

culty which appellant suggests exists in tying appellant to these crimes as at least a party, and most likely a direct participant, in all the crimes alleged, and neither, evidently, did the jury. The verdict of guilty as to the crimes charged is well supported by the evidence, and appellant assuredly was not entitled to a directed verdict of acquittal under OCGA § 17-9-1.

2. Appellant contends seven errors were made in the trial court's charge to the jury. We find the charge to have been full, fair and complete when taken as a whole; it contained correct charges as to presumptions of innocence, burdens of proof and reasonable doubt. *Bartlett v. State*, 196 Ga. App. 174, 175-176 (396 SE2d 31).

Appellant was not entitled to an additional charge that the presumption of innocence is "in the nature of evidence" and reasonable doubt flows as a presumption from that evidence, as he contends in enumeration 5.

In enumeration 6, he complains of the trial court's failure to charge that where others had "equal opportunity" to commit the crimes charged, the circumstantial evidence is as consistent with the theory of innocence as with the theory of guilt, and the defendant cannot be found guilty. See *Reed v. State*, 127 Ga. App. 458, 459 (194 SE2d 121). In *Reed*, the question was possession of contraband and others had equal opportunity to possess the contraband to the exclusion of the defendant; but the charge has no application to the crimes in this case. The evidence ties appellant Jenkins to a series of felonious crimes, and if others had opportunity to possess the weapon found in the car, such possession of others was not to the exclusion of appellant; and as a matter of fact, the theory of innocence was not as consistent with the evidence as the theory of guilt.

Appellant does not make clear in his brief what other charges he sought by his Request Nos. 14 and 15. He was not entitled to a charge that the gun found on the rear floorboard of the car was presumed to belong to the driver, for this is not a correct legal principle and is not adjusted to the evidence. And the trial court did not err in charging the State's request to charge as to "parties to a crime," for it was well suited to the evidence. Finally, the meaning of "within arm's reach" as relates to possession of a firearm during the commission of a crime is pretty plain and not a confusing principle to decide; there was evidence in the case placing this weapon definitely within arm's reach of appellant, specifically the photo exhibit showing the long shotgun with stock and trigger resting up towards the passenger side where evidence placed appellant. The failure to define "within arm's reach" in the context of this evidence was neither error nor confusing. We find no grounds in the trial court's charge to reverse the verdict in this case.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED OCTOBER 2, 1991.

*Neil L. Heimanson*, for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.