## A01A0357. THE STATE v. SAIA.
### (547 SE2d 407)

ELDRIDGE, Judge.

The Superior Court of Sumter County granted James L. Saia's motion to suppress evidence based on the following set of facts:

At approximately 10:00 p.m., police officers Monts and Green observed a green pickup truck fail to stop at a stop sign located at the corner of Parker and Reese Streets in Americus, Sumter County. They pulled the vehicle over. Gaultney was driving, and appellant Saia was in the passenger seat. Officer Monts asked Gaultney to step to the rear of the truck, where he obtained Gaultney's license and insurance. After reviewing the license, Monts recognized Gaultney's name because the Americus Police Department had received information that a "Charles Gaultney" would be coming from Plains to Americus to sell drugs. He wrote Gaultney a warning and returned his license and insurance card. Monts then asked Gaultney for permission to search the pickup truck, and Gaultney replied, "[t]his is my Mom's truck. You all have to get her permission to search the truck."

At the time Monts and Gaultney were conversing, Officer Green approached the passenger window of the truck to speak with Saia. During the conversation, Green smelled "a loud odor of marijuana coming from either there on his [Saia's] person or there in that immediate area as I was speaking with him." Green informed Monts that he smelled marijuana. Officer Monts then asked Gaultney whether he had been smoking marijuana. Gaultney replied in the negative. Monts again asked for permission to search the truck, and this time

Gaultney replied, "[w]ell, yeah." The officers began to search the vehicle. Green opened the glove compartment and found two plastic bags of marijuana. Saia and Gaultney were arrested.

Both Saia and Gaultney filed motions to suppress, which were heard and argued at the same time. Following the State's evidence, Gaultney took the stand. He testified that he did not give the officers permission to search the pickup truck. Saia did not testify at the hearing. Further, at no time — either at the hearing or in the filed motion to suppress — did Saia ever assert an interest in either the vehicle or the marijuana discovered therein. In fact, Officer Green testified that Saia "denied having any knowledge of the marijuana even being in the vehicle."

Without findings of fact or conclusions of law, the Superior Court of Sumter County granted appellant Saia's motion to suppress. The court denied Gaultney's motion. The State appeals from that portion of the court's order granting Saia's motion. *Held*:

At the outset of the motion hearing, the State maintained that Saia did not have standing to object to the search of Gaultney's pickup truck. The trial court did not rule on this issue. However, "[Saia], as a mere passenger who did not assert an interest in either [Gaultney's] car or the property found in it, lacks standing to object to the search of the car."[1] As Saia lacked standing to object to the search of Gaultney's truck, it follows that the trial court erred in granting Saia's motion to suppress based on such objection.[2]

*Judgment reversed. Andrews, P. J., and Miller, J., concur.*

DECIDED APRIL 10, 2001.

*John R. Parks, District Attorney, Richard E. Nettum, Assistant District Attorney*, for appellant.

*William J. Murray*, for appellee.

---

[1] *Bedingfield v. State*, 219 Ga. App. 248, 249 (2) (464 SE2d 653) (1995); *Ballard v. State*, 216 Ga. App. 315, 316 (454 SE2d 200) (1995); *Keishian v. State*, 202 Ga. App. 718, 719-720 (415 SE2d 324) (1992). See also *Rakas v. Illinois*, 439 U. S. 128 (99 SC 421, 58 LE2d 387) (1978); accord *McGhee v. State*, 253 Ga. 278, 279 (1) (319 SE2d 836) (1984).

[2] *State v. Jackson*, 201 Ga. App. 810, 813 (1) (412 SE2d 593) (1991); *State v. Harris*, 236 Ga. App. 525, 529 (3) (513 SE2d 1) (1999).