## A02A1674. PATTERSON v. THE STATE.
(574 SE2d 447)

MIKELL, Judge.

Abraham Patterson appeals his conviction of three counts of selling cocaine and three counts of distributing controlled substances within 1,000 feet of a housing project, asserting that the trial court erred in admitting similar transaction evidence. We disagree and affirm.

"Prior crime evidence is admissible when the State satisfactorily makes the three affirmative showings required by *Williams v. State*, 261 Ga. 640 (2) (b) (409 SE2d 649) (1991). See also Uniform Superior Court Rule 31.3 (B)." [Cit.] The State must show (1) that the evidence of the similar crime is admitted for an appropriate purpose such as to show motive or intent; (2) that there is sufficient evidence to establish the accused committed the independent act; and (3) that there is a sufficient connection or similarity between the two crimes that the former tends to prove the latter. *Williams*, supra, 261 Ga. at 642.[1]

[1] *Wells v. State*, 237 Ga. App. 109, 113 (4) (514 SE2d 245) (1999).

In the instant case, the state introduced evidence of two similar transactions. Bill Crockett, an investigator in the Screven County Sheriff's Department, testified that on October 4, 1994, he arrested Patterson, who was then a juvenile, after he found approximately 25 rocks of crack cocaine hidden under the carpet in a motel room occupied by Patterson and another man. Patterson was adjudicated a delinquent for possession of cocaine for that incident. Crockett testified that he next arrested Patterson on February 3, 1997, after finding four rocks of crack cocaine in his possession following a traffic stop. That matter remains pending.

Patterson argues that evidence of the prior transactions should not have been admitted because they were not factually similar to the offenses charged in the present case. "We note, however, that the independent act does not have to be identical in character to the charged offense if there is a sufficient connection between them."[2]

> The test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence may be admitted if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character. Drug cases are no different from any other cases. If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct.[3]

In the instant case, Patterson was arrested after he sold three pieces of crack cocaine to an undercover officer. The trial court determined that the prior incidents and the offenses charged were sufficiently similar to warrant their admission. "An appellate court should not disturb the findings of the trial court on the issue of similarity or connection of similar transaction evidence unless they are clearly erroneous."[4] The court's findings are not clearly erroneous. In both transactions, Patterson possessed rocks of crack cocaine. The circumstances of the first incident suggest an intent to distribute. In addition, because Patterson intended to testify and deny committing the

---

[2] (Citation and punctuation omitted.) Id.

[3] (Citations and punctuation omitted.) *Hatcher v. State*, 224 Ga. App. 747, 752 (3) (482 SE2d 443) (1997).

[4] (Citations and punctuation omitted.) *Smith v. State*, 273 Ga. 356, 357 (2) (541 SE2d 362) (2001).

crimes, the trial court properly admitted the prior transactions as relevant to the issue of identity.[5]

It is clear in this case that based upon defendant's denial of the commission of the subject crime ([sale] of crack cocaine), a past [transaction] involving the [possession] of crack cocaine would be most helpful to the jury, and therefore the State's need would have outweighed the prejudice to the defendant.[6]

Finally, contrary to Patterson's contention, the fact that he had not been convicted with regard to the second transaction did not render it inadmissible. Uniform Superior Court Rule 31.3 (A) refers to "evidence of similar transactions or occurrences," and evidence of a conviction is not a prerequisite to admissibility.[7] It follows that the trial court did not err in admitting the challenged evidence.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 18, 2002.

*Jerry M. Daniel*, for appellant.

*R. Joseph Martin III, District Attorney, Joseph B. Black, Assistant District Attorney*, for appellee.

---

[5] See *Evans v. State*, 235 Ga. App. 577, 580-581 (3) (510 SE2d 313) (1998).

[6] *Tanner v. State*, 243 Ga. App. 640, 643 (2) (533 SE2d 794) (2000), citing *Evans*, supra at 581; *Hatcher*, supra.

[7] See generally *Barrett v. State*, 263 Ga. 533-534 (2) (436 SE2d 480) (1993) (describing similar transactions as "independent/extrinsic/other/similar acts/transactions/occurrences"), overruled on other grounds, *Wall v. State*, 269 Ga. 506, 508-509 (2) (500 SE2d 904) (1998).