A02A2318. PATTERSON v. THE STATE.
(577 SE2d 850)

SMITH, Chief Judge.

Tyrone Eric Patterson and Rodqucus Bowen were indicted by a Cobb County grand jury for possession of a firearm by a convicted felon and carrying a concealed weapon. They were tried together and convicted by a jury on all counts. Patterson's amended motion for new trial was denied, and he appeals. Finding no error, we affirm.

1. In two enumerations of error, Patterson asserts the general grounds, claiming that the evidence showed he was "merely within spatial proximity of the gun" and did not possess it. Construed in favor of the jury's verdict, the evidence shows that Patterson was occupying the left rear seat of a car that was stopped by a Cobb County police officer. As the officer was questioning the driver, a second officer and a recruit arrived on the scene. The driver was "extremely nervous. In eight years of law enforcement," the officer "had never seen anybody this nervous. His legs were literally shaking." Patterson also appeared "fidgety" and hesitated, "stumbling a little bit" when asked for his name. The officers believed that Patterson had given them a false name because of his hesitation and because he appeared much older than the birth date he gave. The first officer asked Patterson to step to the rear of the car to question him further.

After the first officer escorted Patterson to the rear of the car, the other officer shone his flashlight into the rear seat and saw a pistol protruding from between the top and bottom cushion of the rear seat, in the middle of the seat "right beside" where Patterson had been sitting and where he could have reached it with his right hand. The .380 caliber semi-automatic pistol was "locked and loaded," with a round in the chamber. At this point, the officers removed all the occupants from the vehicle and patted them down to make sure there were no more weapons. The front seat passenger was arrested for possession of marijuana, and both Patterson and Bowen were arrested for possession of a concealed weapon. During the subsequent search of the vehicle incident to arrest the officers found two black knitted caps in the rear seat, with eye holes cut out of them.

After the arrests, Patterson beckoned to one of the officers and told him that the gun belonged to him. While the officer testified later that he did not recall the exact words, he did recall Patterson saying that the gun was his. According to the officer, it was a "spontaneous utterance," and he had not asked Patterson any questions or read him his *Miranda* warnings when Patterson signaled to the officer and made this admission.

Patterson testified and denied that he told the officer the gun was his, claiming that he was "upset" and "irate" and merely said, "[W]hat if the gun was mine, you still would have to arrest the both of us." In his brief on appeal, he argues that he was trying to help his co-defendant, Bowen, who is his girlfriend's son. However,

> [a]n appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence to convict is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Conflicting testimony is a matter of credibility for the jury to resolve. As long as some competent evidence exists, even though contradicted, to support each fact necessary to make out the State's case, we will uphold the jury's verdict.

(Citations and punctuation omitted.) *Wheeler v. State*, 236 Ga. App. 197, 198 (1) (511 SE2d 564) (1999). As Patterson's counsel acknowledged in his closing argument, the jury could choose to believe the officers or to believe Patterson.

> A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it. If two or more persons shared actual or constructive possession of the thing, possession is joint, and the jury would be authorized to convict if they should find, beyond a reasonable doubt, that the defendant had actual or constructive possession, either alone or jointly with others.

(Punctuation and footnote omitted.) *Addison v. State*, 254 Ga. App. 347, 349 (3) (564 SE2d 204) (2002). And we have held the evidence sufficient to support a conviction for constructive possession when contraband was found "within arm's reach" and "in plain view" of the appellant, even though it was not in the appellant's actual possession. *Widener v. State*, 242 Ga. App. 438, 439 (529 SE2d 899) (2000)

(marijuana in plain view on table near appellant in his constructive possession although he was neither holding nor smoking it).

The jury weighed the evidence and judged the witnesses' credibility; the evidence, including Patterson's admission, was clearly sufficient to prove beyond a reasonable doubt that Patterson possessed the firearm that was visible and within his reach. *Jackson v. Virginia*, supra.

2. Citing no authority, Patterson contends the State failed to lay the proper foundation for introduction of a certified copy of his 1986 conviction for armed robbery, claiming that the State failed to show that he and the "Tyrone Eric Patterson" named in the indictment and final disposition were the same person. But "[c]oncordance of name alone is some evidence of identity." OCGA § 24-4-40 (a). Moreover, without any denial by Patterson or proof to the contrary, the concordance of name is sufficient to establish that the "Tyrone Eric Patterson" of the 1986 conviction and the appellant "Tyrone Eric Patterson" in this case are one and the same. *Simmons v. State*, 251 Ga. App. 682, 690 (7) (a) (555 SE2d 59) (2001). In addition, Patterson was shown the judgment of conviction on cross-examination, and in response to questioning, he stated the sentence set forth in the final disposition and acknowledged that he served it. This enumeration of error is without merit.

3. In his next enumeration of error, Patterson claims that the trial court erred in commenting on the evidence during the State's examination of one of the police officers, in violation of OCGA § 17-8-57. He contends that the State had finished questioning the witness about Patterson and had moved on to questions regarding his co-defendant. At this point, according to Patterson, the trial court spontaneously prompted the State to ask further questions of the officer about Patterson, and this elicited testimony regarding Patterson's admission that he owned the pistol. This, he claims, amounted to an intimation on the part of the trial court that "he felt the State had more to prove with regards to the Appellant, an impermissible comment on the evidence." We disagree.

Patterson mischaracterizes this exchange between counsel and the trial court. The prosecutor asked a question of the officer regarding the charges taken out against Patterson, and the officer was responding, when Patterson's counsel objected. After a short colloquy, Patterson's counsel withdrew the objection, and the trial court instructed the prosecutor to continue. The prosecutor asked, "What about Mr. Bowen?" and the trial court interjected, "He didn't finish with Mr. Patterson." The prosecutor apologized and asked the witness to "go ahead." The officer completed his answer with respect to the charges made against Patterson and his co-defendant, and the prosecutor then began a new line of questioning with the inquiry,

"Now, subsequent to the arrest, did either one of these individuals make a statement to you?" It is apparent that the trial court was merely directing that the witness be allowed to finish his answer. It is equally clear that the subsequent question was directed to both defendants and not to Patterson only, as he contends.

"The trial court has a wide latitude of discretion in controlling the examination of witnesses, and unless there is a manifest abuse of this discretion, an objection such as here will not work a reversal of the case." (Citation and punctuation omitted.) *Smith v. State*, 236 Ga. App. 122, 124 (3) (511 SE2d 223) (1999). The trial court's comment was directed at controlling the courtroom by allowing a witness to complete his answer; it did not assume any facts or intimate to the jury the judge's opinion of the evidence. *Fletcher v. State*, 197 Ga. App. 112, 114 (3) (397 SE2d 605) (1990); see also *Smith*, supra at 125.

4. Finally, Patterson asserts ineffective assistance of trial counsel in two respects. To prevail on an ineffectiveness claim, an appellant must show both that his trial counsel's performance was deficient and that this deficiency prejudiced his defense. See *Elrod v. State*, 222 Ga. App. 704, 707 (3) (475 SE2d 710) (1996). This Patterson has failed to do.

Patterson first contends that his trial counsel was ineffective in failing to move to suppress the pistol and knitted caps found in the vehicle, as well as Patterson's statement concerning the pistol. Failure to file a motion to suppress is not ineffective assistance of counsel per se, and Patterson must make a "strong showing" that the evidence would have been suppressed had his trial counsel filed a motion. *Roberts v. State*, 263 Ga. 807, 809 (2) (e) (439 SE2d 911) (1994). Patterson was insistent in his testimony that the vehicle was not his, that he did not know the driver, and that he had only sought a ride in order to pick up Bowen, who was stranded somewhere near the Six Flags Over Georgia amusement park. Patterson's trial counsel correctly concluded that Patterson had no possessory interest in the vehicle and was a mere passenger with no standing to object to the search. *State v. Saia*, 249 Ga. App. 69, 70 (547 SE2d 407) (2001). Moreover, the caps were found in a search of the car incident to arrest, and as trial counsel testified, he concluded they were admissible under *Ashley v. State*, 160 Ga. App. 325 (2) (287 SE2d 321) (1981). Finally, with respect to Patterson's statement, Patterson denied making the statement attributed to him but acknowledged that he asked a question of the police officer. Regardless of whether Patterson's comment to the police officer was a statement or a question, Patterson's account of the exchange shows that it was not the product of police questioning or interrogation. See *Williams v. State*, 247 Ga. App. 88-89 (1) (543 SE2d 402) (2000). Trial counsel testified that his legal research disclosed no grounds to suppress a spontane-

ous, voluntary statement and that his and Patterson's intention was always for Patterson to take the stand and "clarify this alleged statement." "The decision of whether to file a motion to suppress is a matter of professional judgment, and we will not judge counsel's trial strategy in hindsight. [Cit.]" *Green v. State*, 249 Ga. App. 546, 554 (4) (547 SE2d 569) (2001).

Patterson also contends that his trial counsel was ineffective in failing to object or move for a mistrial with respect to the trial court's comment discussed in Division 3, above.[1] For the reasons noted in that Division, any objection or motion for mistrial would have been without merit. Failure to raise a meritless objection cannot constitute ineffective assistance of counsel. *Landers v. State*, 255 Ga. App. 410, 412 (3) (565 SE2d 585) (2002).

The trial court's finding that the performance of Patterson's trial counsel "was not deficient and did not prejudice the defendant in any way" was not clearly erroneous and therefore must be affirmed. *McCant v. State*, 234 Ga. App. 433, 436 (3) (506 SE2d 917) (1998).

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED FEBRUARY 12, 2003.

*O'Brien & Koontz, David J. Koontz*, for appellant.
*Patrick H. Head, District Attorney, Marion T. Woodward, Dana J. Norman, Assistant District Attorneys*, for appellee.

---

[1] Under the Supreme Court of Georgia's decision in *Paul v. State*, 272 Ga. 845, 848 (3) (537 SE2d 58) (2000), failure to object to an alleged violation of OCGA § 17-8-57 in a criminal trial will no longer waive the right to assert error on appeal in the case of plain error.