## A04A1064. SMITH v. THE STATE.
### (604 SE2d 587)

MIKELL, Judge.

Thomas Jackson Smith was convicted of interference with government property for damaging a sprinkler in his jail cell. The trial court sentenced him to serve five years in confinement. He appeals the denial of his motion for new trial, arguing that the evidence was insufficient to support his conviction and that the trial court failed to consider probation as part of his sentence. We affirm the conviction.

On appeal, we view the evidence in the light most favorable to the verdict. We do not weigh the evidence or determine witness credibility but only determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). So viewed, the record shows that Sergeant Dave Roberson was on duty at the Floyd County jail on the night of July 29, 1999. He testified that at approximately 9:30 p.m., he was alerted about a "water-flow alarm" in one of the cell blocks. When Roberson reached the cell with the water flow problem, he found Smith inside, trying to avoid the water. According to Roberson, Smith explained that the sprinkler had a leak and "just went off." Smith denied damaging the sprinkler. Smith stated that he had reported the leak to another officer, but Roberson testified that he was not aware of any such report.

---

[24] See *Townsend,* supra.

Greg Thompson was called to repair the sprinkler head. He testified that he believed that the sprinkler activated because someone had tampered with it. At trial, Smith denied tampering with the sprinkler in any way.

1. Smith first asserts that the trial court erred in denying his motion for new trial because there was insufficient evidence to support his conviction. We disagree.

OCGA § 24-4-6 provides: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Smith incorrectly interprets this to require that every possible explanation be refuted in order for his conviction to stand. However, "[t]he rule as to the sufficiency of circumstantial evidence to support a conviction is that the evidence exclude every reasonable hypothesis except that of guilt, not that it remove[d] every possibility of the innocence of the defendant." (Citations omitted.) *Barfield v. State*, 160 Ga. App. 228, 230-231 (3) (286 SE2d 516) (1981). Whether every reasonable hypothesis except that of the defendant's guilt has been excluded is a question for the jury. Id. at 231. "[W]e have no yardstick to determine what is a 'reasonable' hypothesis save the opinion of the jurors." (Citation omitted.) *Jenkins v. State*, 201 Ga. App. 395, 396 (1) (411 SE2d 122) (1991).

Viewing the evidence in favor of the jury's verdict, we find no reasonable hypothesis exonerating Smith. The evidence was sufficient under the standard of *Jackson v. Virginia*, supra. He testified about the previous occupant of his cell and denied tampering with the sprinkler system; however, the jury resolved the conflicting evidence adversely to him. We find the evidence to be sufficient to support the conviction.

2. In his second enumerated error, Smith argues that the trial court erred by failing to exercise its discretion to consider probation as part of his sentence. In support of this error, he points to the following statement by the trial judge: "I sentence you to the maximum amount, which is five years, and I'm sentencing you as a fourth time, or a three previous felonies. This is your fifth felony, and you'll be required to serve every day of it." Smith argues that this statement shows that the court incorrectly believed that it was required by the recidivist statute to impose a sentence of five years without considering probation. See OCGA § 17-10-7. We disagree.

"[I]n the absence of any affirmative showing to the contrary, the court is presumed to have exercised its discretion in imposing sentence." (Footnote omitted.) *Muhammad v. State*, 242 Ga. App. 540, 542 (2) (529 SE2d 418) (2000). It appears that the court was influenced by the fact that Smith had been convicted of other felonies, but

Smith has not shown affirmatively that the trial court failed to exercise discretion. We find this error to be without merit.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 9, 2004.

*Marcus C. Chamblee,* for appellant.
*Leigh E. Patterson, District Attorney, Jason A. Lewis, Assistant District Attorney,* for appellee.