## S05A1368. BREWER v. THE STATE.
### (622 SE2d 348)

HINES, Justice.

James Scott Brewer appeals his conviction for malice murder in connection with the fatal shooting of Elbert Eugene "Butch" Smith, Jr. He challenges the sufficiency of the evidence, the admission of certain testimony, and the effectiveness of trial counsel. For the reasons which follow, the challenges are without merit, and we affirm.[1]

The evidence construed in favor of the verdict showed that on the evening of February 28, 2001, Smith and Michael Couch were doing construction work on a house in Whitfield County belonging to Brewer's girlfriend. Brewer arrived at the house and the three men ate dinner and snorted and/or smoked methamphetamine. Couch returned to the top floor of the house to work, leaving Brewer and Smith alone.

Earlier that month, Brewer had purchased a .40 caliber Glock pistol. Brewer bashed Smith in the face with the handle of the pistol.

---

[1] The murder and related crimes occurred on February 28, 2001. On June 26, 2001, a Whitfield County grand jury indicted Brewer for malice murder, felony murder while in the commission of aggravated assault, aggravated assault, trafficking in methamphetamine, and violation of the Georgia Controlled Substances Act (VGCSA) by possessing methamphetamine with the intent to distribute. On February 11, 2003, Brewer pled guilty to trafficking in methamphetamine, and it was agreed that an order of nolle prosequi would be entered on the VGCSA charge. Brewer was tried before a jury on the remaining charges February 11-13, 2003; prior to verdict, the felony murder and aggravated assault charges were removed from the jury's consideration. The jury found Brewer guilty of malice murder. On February 14, 2003, Brewer was sentenced to life in prison for malice murder and twenty-five years, ten years of which were to be served on probation, for trafficking in methamphetamine; orders of nolle prosequi were entered on the remaining charges. A motion for new trial was filed on March 3, 2003, amended on March 18, 2005, and denied on March 25, 2005. A notice of appeal to the Court of Appeals was filed on April 6, 2005, and the appeal was transferred to this Court on May 9, 2005. The case was docketed in this Court on May 10, 2005, and the appeal was submitted for decision on July 4, 2005.

As Smith was kneeling, Brewer pushed the muzzle of the pistol "up hard" against Smith's cheek and shot him in the face. Then Brewer placed the muzzle forcefully against the other side of Smith's face and fired another shot, "blowing off" the top of Smith's head. Either gunshot wound, by itself, would have instantaneously incapacitated Smith and killed him. After fatally wounding Smith, Brewer placed the pistol beside Smith's hand.

Couch heard a gunshot and ran to the main level of the house, where he saw Brewer "running around crazy." Brewer told Couch that Smith shot himself. In statements to police, Brewer admitted that he and Smith were alone in the part of the house where the shooting occurred, but maintained that Smith's gunshot wounds were self-inflicted.

1. Brewer contends that the evidence was insufficient to find him guilty of Smith's murder because the case was totally circumstantial in nature; he cites certain evidence or the lack thereof, which he argues was favorable to him. But on appeal, the function of this Court is not to weigh the evidence or resolve conflicts in trial testimony; this Court is to examine the evidence in the light most favorable to the verdict and to determine whether it is legally sufficient to uphold a finding of the defendant's guilt. *Caldwell v. State,* 263 Ga. 560, 562 (1) (436 SE2d 488) (1993).

To warrant a conviction on circumstantial evidence, the circumstantial evidence need not exclude *every* hypothesis except that of the defendant's guilt; it must exclude only *reasonable* hypotheses. *Peppers v. State,* 261 Ga. 338, 339 (1) (404 SE2d 788) (1991). Questions as to the reasonableness of hypotheses are generally for the jury which heard the evidence, and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of the guilt of the defendant, that finding will not be disturbed unless the verdict of guilty is insupportable as a matter of law. *Robles v. State,* 277 Ga. 415, 417 (1) (589 SE2d 566) (2003). Here, there was ample evidence presented, including forensic evidence that either wound, by itself, was mortal and would have instantaneously rendered Smith incapable of purposeful movement, to authorize the jury to find Brewer guilty of committing malice murder by fatally shooting Smith twice in the head, and to reject the hypothesis that Smith shot himself. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Brewer next contends that the trial court improperly permitted the district attorney to recite the testimony of a prior expert witness in the case about the elevation of the victim's head at the time of the shooting in posing a question to the medical examiner about his opinion of the position of the victim at the time of the second gunshot. Brewer complains that consequently, a proper foundation was not

laid for the medical examiner's testimony and his opinion was not based upon his own experience and expertise. But the transcript shows that there was no objection to the question posed by the district attorney or to the medical examiner's answer.[2] Thus, Brewer has waived review of this issue. *Ledford v. State*, 264 Ga. 60, 67 (17) (439 SE2d 917) (1994). In any event, an expert may base his opinion on hearsay; the presence of the hearsay does not mandate the exclusion of the testimony, but rather goes to the weight the testimony is to be given, which is a question for the jury. *Roebuck v. State*, 277 Ga. 200, 202 (1) (586 SE2d 651) (2003).

3. Finally, Brewer contends that his trial counsel rendered ineffective assistance based upon several grounds. However, merely alleging ineffective assistance is insufficient. In order to prevail on a claim of ineffective assistance of trial counsel, the defendant must show that counsel's performance was deficient and also that the deficiency prejudiced his defense; he must overcome the strong presumption that counsel's performance fell within a broad range of reasonable professional conduct and must show that there is a reasonable probability that, absent counsel's deficiency, the result of the trial would have been different. *Allen v. State*, 272 Ga. 513, 516 (6) (530 SE2d 186) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). This Brewer completely fails to do.

(a) Brewer claims that his attorney was deficient because he failed to subpoena anyone to support the defense claim that at the time of the shooting he was under the influence of a high level of drugs; specifically, he maintains that counsel should have subpoenaed Joy Cochran, a Georgia Bureau of Investigation ("GBI") forensic toxicologist, because she prepared a forensic report about drug levels in his blood. However, Brewer fails to cite any specific harm or prejudice in the failure of defense counsel to subpoena Cochran. *Moody v. State*, 277 Ga. 676, 680-681 (6) (594 SE2d 350) (2004); *Allen v. State*, supra at 516 (6). In fact, Cochran was available to Brewer at trial. She testified for the State, and defense counsel cross-examined her at length, including about the effects of methamphetamine. She also testified on cross-examination that she did not quantify the methamphetamine in Brewer's blood. Moreover, Brewer's counsel did call another individual, who the trial court accepted as an expert as to the effects of methamphetamine, to support the defense case regarding drug usage.

---

[2] Brewer cites an objection occurring a page later in the transcript; however, such objection was to the witness being asked if he had an opinion concerning the ability of the victim to cause the described alleged self-inflicted injuries, and not to the question now at issue.

(b) Brewer next complains that defense counsel failed to object to "opinion testimony by [GBI crime scene specialist] Agent Scott that movement of the items [in the room of the shooting] was possibly to hide something." But Brewer fails to make even a suggestion of how this alleged deficiency prejudiced him. See Division 3 (a), supra.

(c) Lastly, Brewer maintains that his attorney was remiss in failing to offer any evidence to support his assertion that he had intended to trade the murder weapon to the victim for an automobile transmission which the victim had purchased for him, or to explain the presence of the pistol at all. Brewer argues that such evidence would have been crucial to disprove premeditation. However, "[p]remeditation is not an element of murder in Georgia, and the malice which is required for murder can be formed in an instant so long as it is present at the time of the act of killing." *Parks v. State*, 254 Ga. 403, 414 (12) (330 SE2d 686) (1985). Inasmuch as the evidence authorized the jury to find the presence of malice at the time of the fatal shooting, the initial reason for the presence of the weapon, even if as alleged by Brewer, would not have changed the outcome at trial.[3] *Allen v. State*, supra at 516 (6).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 21, 2005.

*Michael A. Corbin*, for appellant.

*Kermit N. McManus, District Attorney, Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General*, for appellee.

---

[3] In argument regarding the claims of ineffectiveness, Brewer also notes that "trial counsel knew the statements of the Defendant were crucial because they conflicted with the evidence"; however, Brewer offers nothing further in this regard.