## A06A1583. ALLEN v. THE STATE.
### (634 SE2d 831)

BLACKBURN, Presiding Judge.

Following a jury trial, Jesse Allen, Jr., was convicted on two counts of violating the Georgia Controlled Substances Act for selling marijuana and possessing marijuana with the intent to distribute.[1] On appeal, he contends that the trial court committed plain error in considering improperly presented evidence at sentencing and that he received ineffective assistance of counsel. For the reasons set forth below, we affirm.

Immediately following Allen's conviction for the sale of marijuana and the possession of marijuana with intent to distribute, the trial court dismissed the jury and began the sentencing hearing. The trial court inquired whether the State had any evidence in aggravation to offer, and the State responded that it did not. However, following defense counsel's offer of evidence in mitigation, the State responded that Allen did not qualify for the low end of the range of sentencing because of a prior conviction. Recognizing that the State had not filed notice of its intent to introduce Allen's prior conviction as evidence in aggravation of punishment, the trial court expressed doubt that such evidence could be considered. Shortly thereafter, the State conceded that due to its failure to file notice, the trial court could not consider Allen's prior conviction. At the conclusion of the hearing, Allen received the maximum ten-year sentence to be served in prison. See OCGA § 16-13-30 (j) (2). This appeal followed.

---

[1] OCGA § 16-13-30 (j) (1).

1. Allen contends that the trial court committed plain error in considering his prior conviction in aggravation of punishment despite the State's failure to file notice of its intent to introduce such evidence. However, the record reflects that the trial court did not consider this evidence.

"In the absence of any affirmative showing to the contrary, the [trial] court is presumed to have exercised its discretion in imposing sentence." (Punctuation omitted.) *Smith v. State.*[2] With regard to sentencing procedures, "OCGA § 17-10-2 (a) allows the State to introduce evidence in aggravation of punishment provided that only such evidence in aggravation as the state has made known to the defendant prior to the defendant's trial shall be admissible." (Punctuation omitted.) *Turner v. State.*[3]

Here, it is undisputed that during the sentencing hearing, the State made reference to Allen's prior conviction despite not providing the pre-trial notice required by OCGA § 17-10-2 (a). However, the record shows that the trial court did not consider Allen's prior conviction in imposing sentence. Upon being made aware of the prior conviction, the trial court admonished the State for failing to file notice of its intent to introduce such evidence and expressed that it could not consider the conviction. Shortly thereafter, the State conceded that the court could not consider the prior conviction. Furthermore, "there is a presumption, in the absence of a strong showing to the contrary, that the trial judge sifts the wheat from the chaff, ignoring illegal evidence and considering only legal evidence." (Punctuation omitted.) *Tutton v. State.*[4] Accordingly, Allen has failed to show that the trial court considered any improper evidence or erred in imposing sentence.

2. Allen further contends that he received ineffective assistance, arguing that his counsel's failure to object when the State referenced his prior conviction was deficient and prejudiced his defense. We disagree.

To establish ineffective assistance of counsel under *Strickland v. Washington,*[5] a criminal defendant must prove (1) that his trial counsel's performance was deficient, and (2) that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for the deficiency. See *Mency v. State.*[6] Furthermore, "a court need not determine whether

[2] *Smith v. State,* 269 Ga. App. 506, 507 (2) (604 SE2d 587) (2004).
[3] *Turner v. State,* 259 Ga. App. 902 (1) (578 SE2d 570) (2003).
[4] *Tutton v. State,* 179 Ga. App. 462, 463 (2) (346 SE2d 898) (1986).
[5] *Strickland v. Washington,* 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).
[6] *Mency v. State,* 228 Ga. App. 640, 642 (2) (492 SE2d 692) (1997).

trial counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiency." *Walker v. State.*[7]

Citing *West v. Waters*,[8] Allen contends that his counsel's failure to object, when the State referenced his prior conviction during the sentencing hearing without providing notice, constituted ineffective assistance of counsel and requires reversal of his sentence. However, Allen is also required to show that his counsel's failure to object resulted in prejudice. See id. at 591; see also *Veal v. State.*[9] As stated in Division 1, the record reflects that the trial court did not consider his prior conviction during sentencing. He therefore cannot establish prejudice. Accordingly, his claim of ineffective assistance of counsel presents no basis for the reversal of his sentence. See *Autry v. State.*[10]

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED JULY 25, 2006.

*Begner & Begner, Alan I. Begner, Tammi S. Long*, for appellant.
*Scott L. Ballard, District Attorney, Josh W. Thacker, Assistant District Attorney*, for appellee.

---

[7] *Walker v. State*, 268 Ga. App. 669, 673 (4) (a) (602 SE2d 351) (2004).
[8] *West v. Waters*, 272 Ga. 591, 593 (3) (533 SE2d 88) (2000).
[9] *Veal v. State*, 242 Ga. App. 873, 876 (3) (531 SE2d 422) (2000).
[10] *Autry v. State*, 250 Ga. App. 107, 109 (1) (549 SE2d 769) (2001).