## A06A1558. SLAUGHTER v. THE STATE.
### (638 SE2d 417)

ADAMS, Judge.

A jury convicted Derrick Slaughter of one count of trafficking in cocaine, one count of possession of marijuana with intent to distribute and one count of possession of cocaine with intent to distribute within 1,000 feet of a school. He appeals from the trial court's denial of his motion for new trial, and we affirm.

On the night of February 1, 2002, officers from the Albany-Dougherty County Drug Unit executed a search warrant at a house in Albany. Parked outside of the house was a blue Cadillac. Slaughter was the only person present at the time, and the officers searched him and placed him in handcuffs while they conducted a search of the car and the residence using keys obtained from Slaughter's pockets. Police found $4,550 in various denominations hidden in a sock in the trunk of the car. In the glove compartment, they found a sales contract indicating that the car had been purchased by Slaughter and his mother.

A search of the grounds turned up a white bag lying near a fence on the property and containing crack cocaine and marijuana[1] packaged in small bags. Under the house at the southeast corner, the

---

[1] The officers performed a field test on this substance to determine whether it was marijuana.

officers discovered two sandwich bags containing cocaine. At the northeast corner of the house, they found more cocaine. Inside the house, the police discovered marijuana in a hollowed-out cigar wrapper lying on a coffee table. Subsequent testing indicated that the cocaine totaled 42.23 grams, 34 grams of which was determined to have a minimum purity of 38 percent.

At trial, the state introduced a certified plat of the area 1,000 feet surrounding Highland Magnet School in Albany, and one of the officers indicated on the plat that the house at issue was located within 1,000 feet of the school.

1. Slaughter first contends that the trial court erred in denying his motion for new trial on the ground that he received ineffective assistance of trial counsel. He asserts that his trial counsel was ineffective (1) in failing to object to a police officer's testimony that the amount and packaging of the cocaine indicated an intent to distribute the drug or to raise this issue during his motion for directed verdict, and (2) in failing to object to the introduction of similar transaction evidence in order to preserve the issue of its admissibility for appellate review.

This Court will uphold a trial court's determination that trial counsel was effective unless that determination was clearly erroneous. *Alston v. State*, 277 Ga. App. 117 (1) (625 SE2d 475) (2005). Moreover, Slaughter bears the burden of showing

> that counsel's performance was deficient and also that the deficiency prejudiced his defense; he must overcome the strong presumption that counsel's performance fell within a broad range of reasonable professional conduct and must show that there is a reasonable probability that, absent counsel's deficiency, the result of the trial would have been different.

(Citations omitted.) *Brewer v. State*, 280 Ga. 18, 20 (3) (622 SE2d 348) (2005).

Slaughter fails to meet this burden as he does little more than simply assert that his trial counsel should have taken certain actions. He makes no effort to argue why the failure to take these actions rendered his counsel ineffective or to show how this could have affected the outcome of his trial. Merely alleging that counsel provided ineffective assistance, without more, is insufficient to establish a claim of ineffective assistance of counsel. *Brewer v. State*, 280 Ga. at 20 (3).

Moreover, at the hearing on the motion for new trial, Slaughter's trial attorney testified that his decision not to object to the officer's testimony was a matter of trial strategy because Slaughter's defense

was not that the charge should have been simple possession rather than possession with intent to distribute. Instead, Slaughter's defense was that he did not possess the cocaine at all. It is well settled that "[t]rial tactics and strategy, however mistaken they may appear with hindsight, are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them." (Citation omitted.) *Terrell v. State*, 276 Ga. App. 102, 104 (2) (622 SE2d 434) (2005). Under these circumstances, Slaughter cannot establish ineffective assistance of counsel on this ground. See *Hart v. State*, 272 Ga. App. 754, 757-758 (2) (a) (613 SE2d 107) (2005).

Similarly, because we find that the trial court did not err in allowing the introduction of similar transaction evidence in this case, his trial counsel cannot be found ineffective in failing to object to this evidence. "Failure to raise a meritless objection cannot constitute ineffective assistance of counsel. [Cits.]" *Wright v. State*, 265 Ga. App. 855, 858 (1) (c) (595 SE2d 664) (2004).

> Before similar transaction evidence can be admitted, the state must show that: (1) it seeks to introduce the evidence for an appropriate purpose; (2) there is sufficient evidence that the accused committed the independent act or offense; and (3) there is a sufficient connection or similarity between the independent act or offense and the crime charged such that proof of the former tends to prove the latter.

(Footnote omitted.) *Williams v. State*, 277 Ga. App. 106, 109 (3) (625 SE2d 509) (2005). Moreover, this Court will uphold the trial court's decision on this issue absent an abuse of discretion. *Houston v. State*, 270 Ga. App. 456, 458 (606 SE2d 883) (2004).

The state sought to introduce evidence of Slaughter's 1996 conviction for possession of cocaine to show his bent of mind or course of conduct and to rebut Slaughter's defense that he had no knowledge of the drugs found on the property. The state produced testimony that in the prior incident, police conducted a stakeout of a hotel after receiving a tip from a confidential informant of potential drug activity involving a dark-colored car. The officers stopped and searched a car matching the informant's description. Slaughter was arrested after police discovered a rock of crack cocaine under the front passenger seat where he was sitting. He later pled guilty to possession of cocaine. The trial court conducted a separate hearing on this issue and determined that it was relevant with regard to Slaughter's bent of mind and knowledge of the drugs.

A prior crime need not be "identical in character to the charged offense if there is a sufficient connection between them." (Citation

and punctuation omitted.) *Wells v. State*, 237 Ga. App. 109, 113 (4) (514 SE2d 245) (1999). Rather,

> [t]he test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence may be admitted if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character. Drug cases are no different from any other cases. If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct.

(Footnote omitted.) *Patterson v. State*, 258 Ga. App. 421, 422 (574 SE2d 447) (2002). Although the first crime involved simple possession, both that instance and the present case involved crack cocaine. And the circumstances surrounding the first incident as described by the officer involved in the arrest were at least suggestive of a drug sale. Accordingly, we cannot say that the trial court abused its discretion in admitting the similar transaction evidence under these circumstances, id., and Slaughter's argument that he received ineffective assistance of counsel on this ground is without merit.

2. Slaughter next asserts that his conviction for possession of cocaine with intent to distribute should be reversed because the state failed to lay a proper foundation for the police officer's testimony that possession of cocaine in the amount and form found was indicative of an intent to sell the cocaine. In particular, he asserts that the state failed to qualify the officer as an expert on this issue.

But Slaughter's failure to object to the admission of this testimony at trial waived the issue for appellate review. *Ballard v. State*, 268 Ga. App. 55, 58 (2) (601 SE2d 434) (2004); *Weeks v. State*, 270 Ga. App. 889, 893 (2) (608 SE2d 259) (2004); *Helton v. State*, 268 Ga. App. 430, 432 (2) (602 SE2d 198) (2004).

3. Slaughter further asserts that the evidence was insufficient to support his convictions. He argues that there was no evidence of actual possession and the evidence was insufficient to show that he was in constructive possession of the drugs found at the scene.

In considering this argument, we will not weigh the evidence or determine witness credibility. "Instead, we construe the evidence in the light most favorable to the verdict to determine whether it was sufficient to authorize a rational trier of fact to find [Slaughter] guilty

of these offenses beyond a reasonable doubt." (Footnote omitted.) *Morgan v. State*, 277 Ga. App. 670, 671-672 (1) (627 SE2d 413) (2006).

While Slaughter is correct that mere presence at the scene of a crime is insufficient to establish possession of the contraband, *Hodges v. State*, 277 Ga. App. 174 (626 SE2d 133) (2006), there was significant evidence in this case to establish more than presence alone. Slaughter was the only person at the scene when police executed their warrant, and a search of his person turned up keys to both the car and the house. A search of the car revealed that he owned it jointly with his mother and the trunk contained a significant amount of money in various denominations. Moreover, during a search of the house, police uncovered bills indicating that Slaughter paid the utilities on the property for at least two months. This evidence when coupled with evidence of Slaughter's prior drug offense was sufficient to establish that he possessed the contraband at issue and thus to support his convictions. See *Jackson v. State*, 281 Ga. App. 83, 85 (1) (635 SE2d 372) (2006); *Williams v. State*, 277 Ga. App. at 107-108 (1); *Ballard v. State*, 268 Ga. App. at 57-58 (1).

While this evidence is admittedly circumstantial, "[t]o warrant a conviction on circumstantial evidence, the proved facts need exclude only *reasonable* hypotheses — not bare possibilities that the crime could have been committed by someone else." (Emphasis in original.) *Morris v. State*, 202 Ga. App. 673, 674 (415 SE2d 485) (1992). Whether any given hypothesis is reasonable is a question for the jury, and we will not disturb the jury's finding in this regard unless it is unsupportable as a matter of law. *Fortson v. State*, 280 Ga. 376 (1) (628 SE2d 104) (2006). Because we find the evidence was sufficient to support the jury's findings, we affirm.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 6, 2006.

*Robert J. Pinnero*, for appellant.
*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.