### A07A1229. KING v. THE STATE.
(651 SE2d 496)

BERNES, Judge.

A Tift County jury convicted Christopher King of possession of marijuana with intent to distribute. King appeals the trial court's denial of his motion for a new trial. He contends that there was insufficient evidence to support his conviction and that he received ineffective assistance of counsel. We disagree and affirm.

On appeal of a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Hall v. State*, 283 Ga. App. 266, 267 (641 SE2d 264) (2007). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). This Court does not weigh the evidence or determine the credibility of witnesses, but reviews the evidence only to determine whether it is sufficient for a rational

---

factfinder to have found the defendant guilty beyond a reasonable doubt. *Hall*, 283 Ga. App. at 267. So long as there is some competent evidence, even though contradicted, to support each element of the state's case, the jury's verdict will be upheld. *Jackson v. State*, 281 Ga. App. 83, 83-84 (1) (635 SE2d 372) (2006).

So viewed, the evidence adduced at trial shows that a police officer observed the vehicle in which King was riding, weaving on the roadway. The officer radioed in the license plate and discovered that the vehicle had been reported stolen. The officer then called for backup and conducted a "felony traffic stop" of the vehicle. After the officer removed King, the driver, and a back seat passenger from the vehicle, the officer found a sandwich bag containing marijuana under the driver's seat and a scale commonly used to weigh drugs in the center console. The officer also discovered a receipt showing that King had paid for the vehicle to be serviced approximately two weeks before the stop. King later told the arresting officer that the vehicle belonged to him.

When the officer removed King from the vehicle, King was handcuffed and ordered to sit on the ground apart from the other passengers. After King was moved into the patrol car, another officer found a second sandwich bag containing 14 smaller bags of marijuana on the ground in the space that King had occupied.

At trial, the backseat passenger testified that King had been driving the vehicle when he picked her up earlier in the evening. She also testified that after his arrest, King admitted to her that the marijuana found by the police on the night in question belonged to him.

1. Contrary to King's assertion, the evidence set forth above was sufficient to establish his possession of the marijuana at issue so as to support his conviction for possession of marijuana with the intent to distribute. Under Georgia law, possession of a controlled substance can be actual or constructive. *Uriostegui v. State*, 269 Ga. App. 51, 53 (603 SE2d 478) (2004). A person, although not having actual possession, will be considered to have constructive possession if he or she "knowingly ha[s] both the power and the intention at a given time to exercise dominion or control over a thing." Id. When making this determination, "[p]ower may be inferred from access to the drugs, while the matter of intent may be derived from the surrounding circumstances." (Footnote omitted.) *In the Interest of Q. P.*, 286 Ga. App. 225, 227 (648 SE2d 731) (2007).

In the instant case, marijuana was found on the ground in an area that had been occupied by King immediately prior to its discovery. Additional marijuana and a scale were found in a vehicle that King claimed belonged to him and which he had been driving earlier in the evening. King later admitted to the backseat passenger of the

car that the marijuana found on the night in question belonged to him. This evidence was sufficient for a rational trier of fact to conclude that King possessed the marijuana beyond a reasonable doubt. *In the Interest of Q. P.*, 286 Ga. App. at 227; *Uriostegui*, 269 Ga. App. at 53.

2. King also contends that he received ineffective assistance of counsel. In order to prevail on this claim, he must show both that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Allen v. State*, 280 Ga. App. 663, 664-665 (2) (634 SE2d 831) (2006). See *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). Prejudice is established by showing that "a reasonable probability exists that the result of the trial would have been different but for the deficiency." *Allen*, 280 Ga. App. at 664 (2). King must overcome "a strong presumption that counsel's performance fell within a broad range of reasonable professional conduct." *Brewer v. State*, 280 Ga. 18, 20 (3) (622 SE2d 348) (2005).

(a) King claims that trial counsel was deficient in failing to move to suppress the drug evidence on the grounds that the traffic stop and subsequent search were made without probable cause. "The decision of whether to file a motion to suppress is a matter of professional judgment, and we will not judge counsel's trial strategy in hindsight." (Citation and punctuation omitted.) *Patterson v. State*, 259 Ga. App. 630, 634 (4) (577 SE2d 850) (2003).

The record shows that the arresting officer conducted a felony traffic stop because, after observing the vehicle swerving on the roadway, he discovered that it had been reported stolen. King's counsel successfully moved in limine to exclude from evidence the fact that the vehicle was purportedly stolen and, in so doing, made a tactical decision not to contest the validity of the stop itself. Counsel's decision fell well within the wide range of reasonable professional assistance. See *Patterson*, 259 Ga. App. at 633 (4); *Lawton v. State*, 285 Ga. App. 45, 47 (645 SE2d 571) (2007).

At the motion for new trial hearing, King's trial counsel testified not only that the decision not to contest the stop was a strategic one, but opined that any motion contesting the stop would have lacked merit. We agree. Once the officer had determined that the vehicle in which King was riding had been stolen, the ensuing stop and search were authorized. *Watson v. State*, 181 Ga. App. 512, 514 (352 SE2d 828) (1987). "It is not ineffective assistance of counsel to refrain from making a futile motion or filing a meritless motion to suppress." (Footnote omitted.) *Jackson*, 281 Ga. App. at 86 (2) (a). See *Crews v. State*, 226 Ga. App. 232, 233 (1) (486 SE2d 61) (1997).

(b) King further contends that his trial counsel was ineffective because he failed to adequately meet with King prior to trial, neglected to interview potential witnesses, and lacked sufficient preparation time. We need not evaluate whether his counsel's performance was deficient, however, because King has failed to show that he was prejudiced by the alleged deficiencies.

King fails to demonstrate how additional time spent with counsel prior to trial would have benefited his defense. "[T]he complaint of insufficient meetings with trial counsel is not dispositive, as there exists no magic amount of time which counsel must spend in actual conference with his client." (Citations and punctuation omitted.) *Harris v. State*, 279 Ga. 304, 307 (2) (b) (612 SE2d 789) (2005).

King also fails to identify any witness or proffer any witness's testimony that would have been favorable to him.

> The failure of trial counsel to employ evidence cannot be deemed to be "prejudicial" in the absence of a showing that such evidence would have been relevant and favorable to the defendant. Because [King] failed to make any proffer of the uncalled witnesses' testimony, it is impossible for [him] to show there is a reasonable probability the results of the proceedings would have been different.

(Citations and punctuation omitted.) *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995).

King's only specific allegation regarding his counsel's lack of preparation relates to the failure to file a motion to suppress the drug evidence, which, as we have explained in Division 2 (a), would have been futile. Because King "fails to allege, much less demonstrate, any prejudice" resulting from his counsel's alleged deficiencies, his assertion of ineffective assistance of counsel on this ground cannot succeed. *Harris*, 279 Ga. at 307 (2) (b).

(c) Lastly, King asserts that trial counsel was ineffective for failing to challenge the qualifications of the state witness who conducted a chemical test on the contraband and identified it as marijuana. King's counsel testified at the motion for new trial hearing that he made a tactical decision not to challenge the fact that a substance was found or that the substance was in fact marijuana. His strategy was to instead argue that the marijuana did not belong to King. As we have previously held, "[t]rial strategy and tactics . . . do not equate with ineffective assistance of counsel." *Kilpatrick v. State*, 252 Ga. App. 900, 901-902 (1) (557 SE2d 460) (2001). This allegation of error is without merit.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 30, 2007.

*Robert D. Jewell*, for appellant.

*C. Paul Bowden, District Attorney, Kevin E. Hutto, Assistant District Attorney*, for appellee.