S01A0692. JOHNSON v. THE STATE.
(548 SE2d 292)

HUNSTEIN, Justice.

Anthony Leon Johnson appeals from his convictions in the shooting death of Ivan Gray and the aggravated assaults of Gerald Stewart, Taurus Morris, and Bernard Toney.[1] Finding the evidence sufficient to support his convictions and no error in the admission of his jailhouse letter, we affirm.

1. Johnson contends the court erred by admitting into evidence

---

[1] The crimes occurred on March 27, 1999. Johnson was indicted January 3, 2000 in DeKalb County and charged with murder, aggravated assault of the murder victim, and three counts of aggravated assault involving victims Gerald Stewart, Taurus Morris, and Bernard Toney. He was found guilty on all counts on April 19, 2000 and was sentenced that day to life in prison for the murder, two concurrent twenty-year terms of imprisonment as to the aggravated assaults on Stewart and Morris and a five-year consecutive term on the aggravated assault of Toney. Johnson's motion for new trial, filed May 5, 2000 and amended September 27, 2000, was denied by order filed January 4, 2001. A notice of appeal was filed January 8, 2001. The appeal, docketed February 2, 2001, was submitted for decision on the briefs.

over objection a letter Johnson purportedly wrote to his co-defendant, Lackey, while they were both incarcerated, arguing that the State failed to lay a proper foundation for the admission of the letter. The genuineness of a letter may be proved by circumstantial evidence. *Carter v. State*, 252 Ga. 502 (10) (315 SE2d 646) (1984). Here, although no handwriting expert testified regarding the letter, the State introduced exemplars of Johnson's handwriting on various other documents; Lackey testified identifying the letter and its envelope as being from Johnson; the return address on the envelope has Johnson's name and his jail address; and the contents of the letter, which Lackey read for the jury, reflects information such as the nickname of another of Johnson's co-defendants, the fact that that co-defendant and Johnson were attending court proceedings together and that the writer knew what the co-defendant had been saying at court, and matters regarding the police report and Lackey's ownership of a certain caliber weapon. See *Carter*, supra (foundation laid where document contained statements which were only within knowledge of defendant or one of his other accomplices); see also *Gunter v. State*, 243 Ga. 651 (4) (256 SE2d 341) (1979). The letter gave Johnson's cell number in a postscript requesting Lackey to write him back and was signed "lil [sic] Kirkwood," which three witnesses identified as Johnson's nickname. We find that these details were sufficient to establish the writing's authenticity. See id. Accordingly, the trial court did not err by admitting the letter.

2. The jury was authorized to find that Johnson and his co-defendants, Lackey and Blount, who occupied one car, became involved in a confrontation with the four occupants of another car while cruising in the area of a popular teenage nightclub. When both vehicles stopped at a nearby parking lot, Johnson and his co-defendants exited their car; the unarmed murder victim was the only person to leave his vehicle. Multiple shots were fired in the direction of the victims' car. The murder victim was shot once in the back. Police recovered six casings consistent with a SWD 9mm "Mac 11" pistol at the scene. Co-defendants Lackey and Blount testified that Johnson admitted to the shooting after the three men left the scene; Johnson told another witness (Blount's first cousin) that he was "fixing to leave" town and when asked why he shot the victim, replied "I had to pop that cat." Johnson admitted owning a Mac 11 pistol but claimed Lackey was the shooter. The gun was never recovered. An incriminating letter Johnson wrote to Lackey while they were in jail was admitted into evidence.

Johnson argues that the evidence was insufficient to support the verdict because there were no independent witnesses to the crime, only Johnson's co-defendants and a cousin of a co-defendant, all of whom had reason to place the blame for the shooting on Johnson.

This argument addresses itself to the credibility and truthfulness of the witnesses, which is a matter within the province of the jury. *Bowden v. State*, 270 Ga. 19 (4) (504 SE2d 699) (1998) (jury's role to assess credibility of witnesses the defense claimed were biased); *Levitt v. State*, 201 Ga. App. 63 (1) (410 SE2d 170) (1991) (reliability of witnesses for jury to determine). Under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient to enable a rational trier of fact to find Johnson guilty of the charged crimes beyond a reasonable doubt.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 4, 2001.

*Lynch & Shulman, John H. Tarpley,* for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, John H. Petrey, Robert M. Coker, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General,* for appellee.