## A02A0079. HARRIS v. THE STATE.
### (561 SE2d 467)

MIKELL, Judge.

After a jury trial, Mark O'Neal Harris was convicted of two violations of the Georgia Controlled Substances Act, selling cocaine and possessing cocaine with intent to distribute.[1] On appeal, he challenges the sufficiency of the evidence as to each conviction. We affirm.

As recognized in cases such as *Shabazz v. State*,[2] on appeal from a criminal conviction, the evidence is viewed in a light most favorable to the verdict. We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[3] The jury's verdict will be upheld as long as there is some competent evidence, even though

---

[9] *0-1 Doctors Mem. Holding Co. v. Moore*, 190 Ga. App. 286, 288 (1) (378 SE2d 708) (1989).

[1] OCGA § 16-13-30 (b).

[2] 229 Ga. App. 465 (1) (494 SE2d 257) (1997).

[3] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

contradicted, to support each fact necessary to make out the state's case.[4]

Viewed in the light most favorable to the verdict, the evidence shows that Investigator Cleo Atwater of the Gwinnett County Drug Task Force was working as an undercover officer on March 11, 1999. That evening, Atwater met Timothy Brazelle, another defendant, who led him to a hotel room, where he met defendant Angela Adgers.[5] Atwater later met Harris when he came to the hotel room after Adgers called him. Atwater told Harris he wanted to buy five $10 rocks of crack cocaine. In response, Harris produced three $20 rocks of cocaine, which Atwater purchased. The rocks of cocaine were introduced into evidence.

Atwater told Adgers and Brazelle that he wanted to purchase more crack cocaine but needed to go downstairs first. Atwater met another officer downstairs, and they returned to the hotel room and arrested Adgers, Brazelle, and Harris. When conducting a pat-down of Harris, Atwater discovered 23 grams of crack cocaine on Harris's person. The additional cocaine was also introduced into evidence.

On appeal, Harris argues that the evidence was insufficient because there was no testimony offered to corroborate Atwater's version of the events. Harris's argument fails as it is a well-established rule that "[t]he testimony of a single witness is generally sufficient to establish a fact."[6] Furthermore, "[s]o long as there is some competent evidence to support each element of the offenses as charged, the jury's verdict will be upheld."[7] The state introduced the three rocks of cocaine to prove the sale and the additional twenty-three grams to prove the possession with intent to distribute charge. Thus, we find the evidence sufficient to support Harris's conviction of both crimes.[8]

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED MARCH 6, 2002.

*Edwin J. Wilson*, for appellant.
*Daniel J. Porter, District Attorney, John S. Melvin, Assistant District Attorney*, for appellee.

---

[4] *Brown v. State*, 237 Ga. App. 761, 762 (516 SE2d 810) (1999).

[5] Adgers and Brazelle were not tried with Harris.

[6] OCGA § 24-4-8; *Walker v. State*, 251 Ga. App. 479, 482 (1) (553 SE2d 634) (2001). The exceptions to the rule are not applicable here.

[7] (Punctuation and footnote omitted.) *Bacon v. State*, 249 Ga. App. 347, 348-349 (1) (548 SE2d 78) (2001).

[8] See *Hamrick v. State*, 197 Ga. App. 89, 92 (5) (397 SE2d 503) (1990).