### A03A0667. HANSBERRY v. THE STATE.
(580 SE2d 274)

ELLINGTON, Judge.

A Cobb County jury found Reginald Alvin Hansberry guilty of two counts of selling marijuana, OCGA § 16-13-30 (j), and two counts of selling cocaine, OCGA § 16-13-30 (b). Hansberry appeals from the order denying his motion for new trial, contending the evidence is insufficient to support his convictions, the trial court erred in admitting eyewitness identification testimony, and the trial court erred in denying his motion for mistrial. Finding no reversible error, we affirm.

1. When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) *Jackson v. Virginia,* 443 U. S. 307, 318-319 (99 SC 2781, 61 LE2d 560) (1979). The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State,* 273 Ga. 831, 832 (546 SE2d 524) (2001).

[6] *Walker v. Gen. Motors Corp.,* 152 Ga. App. 526, 527 (1) (263 SE2d 266) (1979).
[7] *Kaylor v. Atwell,* 251 Ga. App. 270, 272 (553 SE2d 868) (2001).

During the summer of 1996, undercover police officers with the Marietta/Cobb/Smyrna drug enforcement task force made several marijuana and cocaine purchases from street level drug dealers, including one named "Reggie." Reggie sold marijuana to the same undercover officer, Harris, on two different occasions. Shortly after the marijuana buys, Harris searched police records and was able to identify Reggie more fully as Reginald Hansberry from an arrest photograph. On another occasion, a second officer bought $60 of crack cocaine from a person named "Reggie." This officer saw Hansberry's photo and also identified him as the person from whom he bought cocaine. Later, a third officer bought a $100 "slab" of cocaine from "Reggie." This officer also saw the photograph and independently confirmed that Reggie was Reginald Hansberry. When the officers executed a mass crime scene arrest, Hansberry was not present. He was arrested sometime later on an outstanding warrant and tried in September 1999. All three officers positively identified Hansberry at trial as the person from whom they bought drugs.

Hansberry contends the officers' identification at trial, which came three years after the drug purchases, was too unreliable to authorize the jury's verdicts. Whether the witnesses are reliable or credible under the circumstances is exclusively within the province of the jury. *Johnson v. State*, 273 Ga. 872, 874 (2) (548 SE2d 292) (2001); *Sanders v. State*, 226 Ga. App. 650, 651 (1) (487 SE2d 442) (1997). The officers' eyewitness testimony was sufficient to authorize the convictions. *Sanders v. State*, 226 Ga. App. at 651 (1) (testimony of sole eyewitness, given three and one-half years after observing crime, held sufficient).

2. Hansberry argues the trial court should have suppressed the officers' in-court identification because it was tainted by a prior impermissibly suggestive identification procedure. We disagree.

Immediately after the second encounter with Reggie, Officer Harris wrote down a description of him. The following day, the officer searched a computerized Cobb County police master index for people with names similar to "Reggie" and who had the same physical characteristics. Of the 15 African-American male Reggies returned by the computer, Officer Harris was able to identify the "Reggie" from whom she bought drugs from an arrest photograph of Reginald Alvin Hansberry.

Hansberry claims this procedure was unduly suggestive because the officer was looking "for a particular suspect with a specific name." This is a case, however, where the officer already had the suspect's name and was using investigatory techniques to confirm his identity. It was more "a matter of detection" than an identification procedure, such as a lineup. See *Hunter v. State*, 202 Ga. App. 195, 196 (1) (413 SE2d 526) (1991). Moreover, because Hansberry does not demon-

strate how his photograph stood out from the others in a way that was impermissibly suggestive, his claim must fail. See *Hodnett v. State*, 269 Ga. 115, 118 (4) (498 SE2d 737) (1998); *Whatley v. State*, 266 Ga. 568, 569 (2) (468 SE2d 751) (1996).

Hansberry also contends the identification testimony of the other two officers was tainted because Harris showed them Hansberry's photograph and identified him as Reggie. The record, however, does not support this assertion. Harris simply asked the officers if they recognized the person in the photo, and the officers responded that it was "Reggie," the person from whom they bought cocaine. Although Harris showed the officers just one photo, there is no indication in the record that Harris suggested the person's identity. Nor was the procedure itself suggestive when the officers were buying drugs from approximately twenty suspects over a two-month period, most of whom had physical characteristics similar to Hansberry. An identification procedure is impermissibly suggestive only "when it leads the witness to an all but inevitable identification of the defendant as the perpetrator, or . . . is the equivalent of the authorities telling the witness, 'This is our suspect.' " (Citations and punctuation omitted.) *Clark v. State*, 271 Ga. 6, 12 (7) (b) (515 SE2d 155) (1999). Under these circumstances, the act of holding up a single photograph and asking whether the person depicted is known to the officers does not suggest his identity. We find no error.

Since the identification procedures in this case were not unduly suggestive, we need not consider whether there was a substantial likelihood of irreparable misidentification. *Whatley v. State*, 266 Ga. at 569 (2).

3. Hansberry contends the trial court erred in denying his motion for a mistrial when Officer Harris testified that his photograph was pulled from an arrest record. The record reveals that the trial court gave curative instructions following Harris' statement and that Hansberry did not, thereafter, renew his motion for a mistrial. Consequently, he waived appellate review of this alleged error. *Williams v. State*, 269 Ga. 827, 829 (5) (504 SE2d 441) (1998).

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED MARCH 20, 2003.

*Martin & Parker, Roderick H. Martin, Russell J. Parker, Jr.*, for appellant.

*Patrick H. Head, District Attorney, Dana J. Norman, Irvan A. Pearlberg, Assistant District Attorneys*, for appellee.