A03A1547. NEWTON v. THE STATE.
(583 SE2d 585)

BLACKBURN, Presiding Judge.

Following his conviction by a jury of robbery by force and theft by taking, Chasoray Newton appeals, contending that the trial court erred in: (1) denying his motion for new trial when the evidence was

insufficient to support his convictions; (2) allowing evidence of similar transactions; (3) denying his motion for mistrial after the State made improper comments during closing argument; and (4) allowing the identification testimony of the similar transaction victim. For the reasons set forth below, we affirm.

1. Newton maintains that the trial court erred in denying his motion for new trial because the evidence was insufficient to support his convictions for robbery by force and theft by taking.

> The standard of review for the sufficiency of evidence, in reviewing either a motion for a directed verdict or a motion for new trial, is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. We view the evidence in the light most favorable to the verdict, and [Newton] no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[1] Conflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

*Susan v. State*.[2]

So viewed, the evidence shows that on the night of May 31, 1999, Steven Musgrave stopped at a convenience store to use the telephone. Suddenly getting an "eerie" feeling as he started to place his call, he turned from the phone and headed for the entrance to the store. At this point, Newton ran into Musgrave, pushed him down, and started kicking and beating him. He took Musgrave's wallet and then ran to Musgrave's car, a white 1988 Hyundai XL. Newton waited for a man who was with him to get into the passenger seat and then sped off. Before driving off, Newton and Musgrave looked straight into each other's face.

The following morning, Roberta Mettetal stopped at a filling station for gas. Newton drove up in Musgrave's car, attacked Mettetal, stabbed her, and stole her purse. Newton then sped away in Musgrave's car, the tag number of which Mettetal provided the police. Mettetal's testimony was presented at trial as evidence of a similar transaction. Both Musgrave and Mettetal positively identified Newton as their assailant.

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Susan v. State*, 254 Ga. App. 276, 277 (1) (562 SE2d 233) (2002).

This evidence amply supported the verdict against Newton. A person commits the offense of robbery by force when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by force. OCGA § 16-8-40 (a) (1). Musgrave established the elements of robbery by force by testifying that Newton attacked him, knocked him to the ground, kicked and beat him, took his wallet, and drove away. *Jackson v. State*.[3]

A person commits the offense of theft by taking when he unlawfully takes any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated. OCGA § 16-8-2. Musgrave's testimony that Newton took his car and drove away, and the testimony of a police officer that the car was recovered only after the police pursued the vehicle and apprehended the occupants, established the elements of theft by taking.

Newton points to certain conflicts in the testimony of both Musgrave and Mettetal. However, as stated above, this Court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, supra. Conflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve, and as long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

2. Newton enumerates as error the trial court's admission of evidence of the similar transaction involving Mettetal, arguing that it was not sufficiently similar to the crimes against Musgrave. We disagree.

> On appeal, a trial court's decision to admit similar transaction evidence will be upheld unless clearly erroneous. Similar transactions need not be identical to the offense being tried but must show sufficient similarity or connection between the independent incidents and the offense at issue.

(Citation omitted.) *Jones v. State*.[4]

In this case, the trial court conducted the pretrial hearing required by Uniform Superior Court Rule 31.3 (B) to determine the admissibility of the attack and robbery of Mettetal as a similar transaction. The State showed the court that the incidents involving Musgrave and Mettetal both occurred in Fulton County within a 12-hour

---

[3] *Jackson v. State*, 226 Ga. App. 604, 606 (2) (487 SE2d 142) (1997).
[4] *Jones v. State*, 239 Ga. App. 733, 734 (1) (521 SE2d 883) (1999).

period. In both incidents the victim, who was alone, was attacked from behind after stopping in a convenience store or gas station parking lot. Further, in both incidents, the victim's cash and wallet or purse were taken after the victim was pushed to the ground. Finally, in both incidents, Newton escaped driving Musgrave's Hyundai XL. We hold that there was sufficient similarity and connection between the two crimes and that the trial court did not err in allowing the State to present evidence of the similar transaction.

3. We have reviewed Newton's remaining enumerations of error and find them to be without merit.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED JUNE 18, 2003.

*Caprice R. Jenerson, Dwight L. Thomas*, for appellant.
*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney*, for appellee.