## A03A1017. SMITH v. THE STATE.
(587 SE2d 226)

RUFFIN, Presiding Judge.

An Evans County jury found Frederick Myron Smith guilty of cocaine trafficking, possessing marijuana, and obstructing a law enforcement officer. On appeal, he challenges the sufficiency of the evidence. Smith also alleges that the trial court erred in admitting similar transaction evidence, which the court later instructed the jury to disregard. Finally, Smith asserts that the trial court erred in failing to grant a mistrial after this evidence was heard by the jury. For the following reasons, we affirm.

After having been convicted of the charges, Smith is no longer presumed innocent, and we construe the evidence in a light most

---

favorable to the verdict.[1] We neither weigh the evidence nor determine witness credibility, but ensure that the evidence was sufficient to find Smith guilty beyond a reasonable doubt.[2]

Viewed in this light, the evidence shows that Georgia Bureau of Investigation Agent Tracy Sands was investigating Duane Nunnally, Smith's cousin. In September 1999, a confidential informant made a controlled buy of cocaine at the trailer where Nunnally lived. On September 22, 1999, Agent Sands, who was performing surveillance on the trailer, photographed a brown Cadillac DeVille parked outside. Agent Sands later learned that the car was registered to Cynthia Smith, Smith's mother. Sands subsequently applied for and received a warrant to search Nunnally's trailer. Before executing the warrant, Sands arranged a second controlled buy during which the informant purchased cocaine from the driver of the brown Cadillac.

Upon arriving at the trailer on October 2, 1999, to execute the warrant, Agent Sands and his fellow officers discovered the brown Cadillac parked "just to the right of the screen door" of the trailer. As the officers approached the trailer, they saw a man jump from a couch and run through the house. Upon entering, the officers saw two men run out the back door, and Agent Anderson chased them into the woods. Agent Anderson was able to identify one of the men as Nunnally, but he was unable to identify the second man.

While chasing the suspects, Agent Anderson saw Nunnally discard a plastic bag, which Agent Sands later recovered. Lab tests revealed that the bag contained six smaller bags of cocaine, totaling 74.8 grams, which was 79 percent pure and valued at $7,000 to $10,000. Along the escape route, the agents also found a pill bottle containing 9.4 grams of crack cocaine and a $10 bill.

During the chase, Agent Sands remained in the house, where a third man, Johnny Izzard, was seated at the kitchen table in front of a bag containing cocaine residue. Izzard testified that he went to the house to visit Nunnally and that he did not know the other person at the trailer. However, Izzard noticed on a table a photo identification card with Smith's picture on it and told Agent Sands that the man in the picture looked like the man who fled with Nunnally when the police arrived.

Agent Anderson returned to the trailer, and the police searched the interior. In a room that Agent Sands identified as Smith's, they found a suitcase labeled with the name Fred L. Smith, the defendant's father, that contained men's clothes and shoes, $280, and a letter addressed to Smith's mother. In Nunnally's room, police found

---

[1] See *Harris v. State*, 254 Ga. App. 125, 126 (561 SE2d 467) (2002).

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Harris*, supra at 126.

what they believed to be records of drug transactions. In the kitchen, the agents found a radio scanner audibly tuned to a police frequency, which Agent Sands testified was typical equipment for those involved in the drug trade.

A canine unit searched the trailer, and the dog alerted to several locations inside the house, including some blankets on the floor in Smith's bedroom. The dog also alerted to the brown Cadillac that was parked outside. Upon searching the car, police found marijuana, postal scales, and Smith's driver's license above the visor on the driver's side.

While the police were searching the premises, Cynthia Smith arrived at the trailer. According to Agent Sands, Mrs. Smith told him that her son lived in the trailer, but she refused to give Sands her son's name. At trial, however, Mrs. Smith refuted Sands' testimony and claimed that her son lived with her.

Smith's grandmother, Laura Brewton, also testified at trial. Brewton lived next door to Nunnally and actually owned the trailer searched by police. Brewton testified that she had seen Smith drive the brown Cadillac to the trailer earlier in the afternoon on the day the police executed the search warrant. Based on this and other evidence, the jury convicted Smith.

1. Smith contends that insufficient evidence supports the verdict against him. We disagree. Although the evidence against Smith is circumstantial, such evidence is sufficient to support a conviction if it is consistent with the hypothesis of guilt and excludes every other reasonable hypothesis.[3] Whether circumstances are sufficient to exclude every reasonable hypothesis is generally a matter for the jury.[4] "Only where the evidence is insupportable as a matter of law may the jury's verdict be disturbed."[5]

(a) To prove the cocaine trafficking charge, the State was required to present evidence that Smith was "knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine."[6] Possession of contraband may be actual, when a person has direct physical control over the item, or constructive, when a person without actual possession knowingly has the power and intention to exercise dominion and control over the item.[7] Moreover, possession may be joint when more than one person has constructive possession of the contraband.[8] The intent necessary

---

[3] See *Moody v. State*, 232 Ga. App. 499, 500-501 (1) (502 SE2d 323) (1998).
[4] Id.
[5] *Brown v. State*, 245 Ga. App. 706-709 (1) (538 SE2d 788) (2000).
[6] OCGA § 16-13-31 (a) (1).
[7] See *Warren v. State*, 254 Ga. App. 52, 53-54 (1) (561 SE2d 190) (2002).
[8] Id.

for constructive possession can be inferred from the totality of the circumstances.[9]

In this case, the evidence is sufficient to support Smith's conviction for trafficking. The evidence strongly suggests that Smith was the driver of the brown Cadillac, from which one drug transaction was made. When the officers searched the Cadillac, they discovered scales, which are commonly used in the trafficking of contraband. Although no one was able to state, with certainty, that Smith was the man who fled the trailer with Nunnally, the circumstantial evidence indicates that he was that man. There was evidence that Smith lived in the trailer, including the fact that his mother told officers that he lived there, that his car was discovered outside, and, according to Izzard, the fleeing man resembled the picture on Smith's driver's license. And, having concluded that Smith was the man who fled with Nunnally, jurors were able to consider Smith's flight as evidence of his guilt.[10]

(b) Similarly, the jury was authorized to conclude that Smith possessed the marijuana found in the brown Cadillac. From Brewton's testimony, the jury could conclude that Smith was the last person to drive the car before it was searched. Additionally, his license was found in the car near the marijuana and the scales, from which the jury could conclude that Smith knowingly intended to exercise dominion and control over the marijuana.

(c) Finally, there is sufficient evidence to find that Smith obstructed a law enforcement officer. In order to prove that offense, the State must establish that Smith "knowingly and willfully obstruct[ed] or hinder[ed] any law enforcement officer in the lawful discharge of his official duties."[11] "[F]light or attempted flight from an officer, while the officer is executing his official duties, may constitute misdemeanor obstruction of an officer."[12] In this case, the officers were engaged in official duties by executing a search warrant, and there was sufficient evidence for the jury to conclude that Smith was present in the trailer, that he knew that the police had arrived, and that he fled with Nunnally.

2. Smith also contends that the trial court erred in allowing the State to introduce evidence that he had been convicted of possessing cocaine as a similar transaction. Smith contends that the prior conviction is not sufficiently similar and that it is too remote in time to warrant admission at trial. We disagree.

The incident in question took place in Chatham County in 1993.

[9] See *Moody*, supra.
[10] See *Shaheed v. State*, 245 Ga. App. 754-755 (1) (538 SE2d 823) (2000).
[11] OCGA § 16-10-24 (a).
[12] *Okongwu v. State*, 220 Ga. App. 59, 62 (3) (467 SE2d 368) (1996).

Smith was driving the same brown Cadillac when police attempted to stop him for weaving. Although Smith attempted to elude the police, he eventually was stopped. The police searched Smith's car and discovered several small rocks of cocaine in a matchbox above the driver's side visor. Smith pled guilty to simple possession.

The State must make three affirmative showings before it can introduce evidence of a similar transaction:

> (1) that it seeks to introduce the evidence for an appropriate purpose; (2) that there is sufficient evidence to show that the accused committed the independent offense or act; and (3) that there is a sufficient connection or similarity between the independent offense or act and the crime charged such that proof of the former tends to prove the latter.[13]

In regard to establishing the similarity between the two incidents,

> [t]here is no requirement that . . . the other transaction must be identical in every respect. The test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence may be admitted if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character. . . . If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct.[14]

Smith argues that the two incidents were dissimilar because the amount of cocaine was much larger in this case than in 1993. In making his argument, Smith ignores the obvious similarities between the 1993 incident and the charge for simple possession of marijuana, which Smith faced here. In both cases, the drugs in question were found in the same car, and in the same location inside the car, above the driver's side visor. In both instances, Smith took action to avoid being stopped by police. While the drugs involved in the two incidents were different, the two incidents do not have to be identical for

---

[13] *Bailey v. State*, 259 Ga. App. 293, 296 (5) (576 SE2d 668) (2003). See also *Williams v. State*, 261 Ga. 640, 642 (1) (b) (409 SE2d 649) (1991).

[14] (Citations, punctuation and emphasis omitted.) *Collins v. State*, 205 Ga. App. 341, 343 (2) (422 SE2d 56) (1992).

the similar transaction evidence to be admitted.[15] Based on the similarities that did exist, we find that the trial court's initial decision to admit the evidence was not clearly erroneous.[16]

Smith's argument that the 1993 offense is too remote in time to be relevant does not change this result.

> Mere lapse of time between the commission of any prior similar crime and the commission of the offense currently at trial does not render the evidence automatically inadmissible. . . . It is the similarity of the offenses within the meaning of *Williams v. State* that determines the admissibility of such evidence, not whether the span of time between [the] offenses is brief.[17]

In view of the similarity between the incidents, the trial court did not err in admitting the similar transaction evidence.

3. Although Smith's prior conviction was for simple possession, the prosecutor mistakenly told the court during the admissibility hearing that the charge was possession with intent to distribute. During the trial, while the arresting officer from the 1993 incident was testifying, the judge discovered the prosecutor's mistake. Based on this new information, the judge excluded the evidence and instructed the jury to disregard the officer's testimony. Smith then moved for a mistrial, which the trial court denied. On appeal, Smith contends that the trial court erred in refusing to grant the mistrial. Again, we disagree.

We concluded the similar transaction evidence was admissible, which eviscerates Smith's argument that its admission warrants a mistrial. Moreover, the decision to grant a mistrial rests within the sound discretion of the trial court.[18] Here, rather than grant Smith's motion for mistrial, the court opted to give curative instructions. In so doing, the trial court did not abuse its discretion.[19] It follows that this claim of error presents no basis for reversal.

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED SEPTEMBER 5, 2003.

---

[15] See id.; *Bailey*, supra at 296-297 (5) (admission of similar transaction evidence not clearly erroneous even though drugs involved were different from current charge).

[16] See *Smith v. State*, 273 Ga. 356, 357 (2) (541 SE2d 362) (2001).

[17] (Citation and punctuation omitted.) *Mika v. State*, 256 Ga. App. 546, 548 (3) (568 SE2d 818) (2002).

[18] See *Sims v. State*, 268 Ga. 381, 382 (2) (489 SE2d 809) (1997).

[19] See id.

*John V. Lloyd*, for appellant.
*J. Thomas Durden, Jr., District Attorney*, for appellee.