A06A0717. DRUMMOND v. THE STATE.
(629 SE2d 543)

MIKELL, Judge.

A Fulton County jury found Daniel Drummond guilty of trafficking in cocaine, OCGA § 16-13-31. On appeal, Drummond claims that the trial court erred in (i) admitting similar transaction evidence and (ii) allowing the State to present similar transaction evidence before evidence of the indicted offense. We affirm for the reasons set forth below.

---

Viewed in the light most favorable to the jury's verdict, the evidence showed that on the evening of March 13, 2000, Drummond's car collided with an Atlanta police officer's personal car on Interstate 20. The impact forced the officer's car to the side of the road. Drummond stopped his car briefly, but "took off" when the officer, who was in uniform, asked Drummond to step out of his vehicle. The officer advised the dispatcher of the situation and then got back in his car and pursued Drummond. A patrol car joined in the chase, and Drummond eventually exited the highway onto the surface streets before jumping out of his car and fleeing on foot. Officers from the patrol car tackled Drummond to the ground, and recovered from Drummond's person approximately $5,673 in cash and two bags containing what appeared to be "crack" cocaine. At trial, a forensic chemist testified that the bags contained 28.7 grams of 65 percent pure cocaine.

1. Drummond claims that the trial court erred in admitting evidence of his arrest on May 7, 1998, for possession of cocaine as a similar transaction.[1] Pretermitting whether Drummond waived the issue by failing to object at trial,[2] we conclude that the trial court did not err in admitting the evidence.

> [T]he state must make three affirmative showings before introducing evidence of a similar transaction: (1) that it seeks to introduce the evidence for an appropriate purpose; (2) that there is sufficient evidence to show that the accused committed the independent offense or act; and (3) that there is a sufficient connection or similarity between the independent offense or act and the crime charged such that proof of the former tends to prove the latter.

(Footnote omitted.) *Bailey v. State*, 259 Ga. App. 293, 296 (5) (576 SE2d 668) (2003). See *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). "On appeal, a trial court's decision to admit similar

---

[1] In his first enumeration of error, Drummond contends that the trial court erred in allowing two prior drug-related arrests as similar transaction evidence. In addition to the May 7, 1998 incident, the State introduced evidence of an April 6, 1998 incident in which Drummond offered to sell eight bags of crack cocaine to an undercover officer. However, Drummond fails to argue in his brief that the trial court erred in allowing the State to introduce evidence of his April 6, 1998 arrest. He has therefore abandoned any claim of error as to the introduction of this evidence as a similar transaction. See Court of Appeals Rule 25 (c) (2).

[2] Although the State fails to raise waiver as an issue, our review of the trial transcript does not show that Drummond objected to the introduction of similar transaction evidence at trial. See *Johnson v. State*, 276 Ga. App. 505, 509 (3) (a) (623 SE2d 706) (2005) ("[c]ontrolling precedent . . . forces us to conclude that [the appellant] waived his objection to the similar transaction evidence by not repeating it at trial").

transaction evidence will be upheld unless clearly erroneous." (Citation and footnote omitted.) *Newton v. State*, 261 Ga. App. 762, 764 (2) (583 SE2d 585) (2003).

At trial, an Atlanta police officer testified that on the evening of May 7, 1998, the officer received information from a reliable source that Drummond was selling cocaine at the intersection of Peachtree Street and 8th Street. The officer went to the location, where he asked Drummond if Drummond would consent to be searched. Drummond allowed the officer to search him, and the officer found one "hit" of crack cocaine and $1,602 on Drummond's person.

Drummond contends that the trial court erred in allowing the evidence of his arrest on May 7, 1998, because there was not such a similarity between the incident on May 7, 1998, and the crime charged that proof of the former tended to prove the latter. In particular, Drummond shows that in the incident on May 7, 1998, he was not involved in a crash, did not flee the scene, and the amount of cocaine found on his person, one "hit," was grossly disproportionate to the amount of cocaine allegedly seized by police in 2000.

"In determining whether prior transactions are sufficiently similar, courts must focus on the similarities of the occurrences rather than their differences, particularly when the purpose of the evidence is to establish intent, as opposed to identity or criminal signature." (Footnote omitted.) *Sutton v. State*, 245 Ga. App. 881, 883 (2) (539 SE2d 227) (2000). Furthermore, "[i]f the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct." *Bailey*, supra at 297 (5). In this case, the evidence is similar in that in both instances Drummond was shown to be in possession of "crack" cocaine and a large amount of cash. Under the circumstances, we cannot say that the trial court's decision to admit evidence of the incident on May 7, 1998, was clearly erroneous. See *Smith v. State*, 263 Ga. App. 76, 80 (2) (587 SE2d 226) (2003) (even though similar transaction evidence involved a smaller amount of different illegal drug, the trial court's decision to admit the similar transaction evidence was not clearly erroneous in light of the similarities that did exist).

2. Drummond also complains that the trial court abused its discretion in this case by allowing evidence of two similar transactions before evidence of the indicted offense. See *Gilstrap v. State*, 261 Ga. 798, 799 (2) (410 SE2d 423) (1991) (although the trial court has discretion in the order of admission of evidence, this discretion is not unlimited). However, Drummond failed to object on this ground when the similar transaction evidence was introduced, and the issue is therefore waived on appeal. See *Curtis v. State*, 212 Ga. App. 237,

239-240 (4) (441 SE2d 776) (1994) (where appellant failed to object at trial to a witness's testimony regarding a similar transaction, the appellant waived the issue of whether the trial court erred in allowing the similar transaction evidence before the evidence related to the indictment).

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MARCH 31, 2006.

*Thomas S. Robinson III,* for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Ayana C. Curry, Assistant District Attorneys,* for appellee.