A08A1617. McSEARS v. THE STATE.
(665 SE2d 890)

BLACKBURN, Presiding Judge.

Following a jury trial, Craig McSears was convicted on one count of violating the Georgia Controlled Substances Act (selling cocaine).[1] He appeals his conviction and the denial of his motion for new trial, challenging the sufficiency of the evidence and arguing that the trial court erred in sentencing him as a recidivist under OCGA § 17-10-7 (c). For the reasons set forth below, we affirm.

"On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and [McSears] no longer enjoys a presumption of innocence." *Berry v. State*.[2] In evaluating the sufficiency of the evidence to support a conviction, we

---

[1] OCGA § 16-13-30 (b).
[2] *Berry v. State*, 274 Ga. App. 831 (1) (619 SE2d 339) (2005).

do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia.*[3]

So viewed, the record shows that on the night of March 28, 2007, a police officer was working undercover to investigate reported illegal drug sales in an area of town near two roadside motels. As the undercover officer drove through the parking lot of one of the motels, McSears approached him and asked him "what [he] was looking for." When the undercover officer replied that he wanted to buy $20 worth of crack cocaine, McSears got into the officer's vehicle and directed him to drive across the street to another roadside motel. With McSears still directing him, the undercover officer pulled into a parking space in the other motel's lot. McSears then exited the undercover officer's vehicle and went into one of the motel's rooms. While McSears was inside the motel room, the undercover officer communicated a description of McSears via radio to other officers who were waiting nearby for his signal to make the arrest. A few minutes later, McSears emerged from the motel room and handed the officer the crack cocaine in exchange for $20. At that time, the waiting officers arrived on the scene and arrested McSears.

McSears was indicted on one count of violating the Georgia Controlled Substances Act (OCGA § 16-13-30 (b)) for selling cocaine. At his trial, the undercover officer testified regarding his purchase of the crack cocaine from McSears, and the State played an audio recording of the transaction, which the officer had made with a recording device hidden in his vehicle. In addition, a member of the Georgia Bureau of Investigation's forensics division testified that the substance McSears sold to the undercover officer tested positive as crack cocaine. McSears testified, denying that it was his voice on the audio recording and claiming that he had only approached the undercover officer's vehicle to ask for a light for his cigarette. At the trial's conclusion, the jury found McSears guilty of the sale of cocaine, and he was sentenced as a recidivist based on three prior felony convictions. McSears filed a motion for new trial, which was denied. This appeal followed.

1. McSears challenges the sufficiency of the evidence supporting his conviction, arguing that reversal is warranted because it is inconclusive as to whether his voice is on the audio recording of the drug buy and because the arresting officers were unable to recover the $20 that the undercover officer used to buy the cocaine. We disagree.

---

[3] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

"[T]he testimony of a single witness is generally sufficient to establish a fact." (Punctuation omitted.) *Harris v. State*.[4] Here, the undercover officer testified unequivocally that McSears handed him the cocaine in exchange for $20. Although McSears denied the officer's version of the event and called attention to the fact that the $20 bill used in the purchase was never recovered, "[w]hether the witnesses are reliable or credible under the circumstances is exclusively within the province of the jury." *Hansberry v. State*.[5] Furthermore, there is no legal requirement that the audio recording conclusively identify McSears's voice. Cf. *Jones v. State*.[6] Accordingly, there was sufficient evidence to allow a rational trier of fact to conclude that McSears was guilty beyond a reasonable doubt of selling cocaine in violation of OCGA § 16-13-30 (b). See *Harris*, supra, 254 Ga. App. at 126; *Jones*, supra, 243 Ga. App. at 376 (1).

2. McSears contends that the trial court erred in sentencing him as a recidivist under OCGA § 17-10-7 (c), which applies to defendants having three or more prior felony convictions. We disagree.

Prior to trial, the State provided McSears with notice of its intent to have him sentenced as a recidivist, and of its intent to introduce evidence of his guilty pleas to three separate burglaries in support thereof. During the sentencing hearing, the State introduced evidence of McSears's three guilty pleas, including evidence that he pled guilty to the two most recent burglaries on the same day and received concurrent sentences for those two convictions. Based on these three prior felony convictions, the trial court sentenced McSears to twenty years, with six to serve in prison, under OCGA § 17-10-7 (c). McSears argues that this sentence was in error. Specifically, he claims that because he pled guilty to the latter two burglaries on the same day before the same judge, who imposed concurrent sentences, the convictions were consolidated pursuant to OCGA § 17-10-7 (d).

OCGA § 17-10-7 (d) provides: "For the purpose of this Code section, conviction of two or more crimes charged on separate counts of one indictment or accusation, or in two or more indictments or accusations consolidated for trial, shall be deemed to be only one conviction." Here, there is no evidence that these two convictions were consolidated. In fact, the two convictions at issue concerned two separate burglaries, which occurred on separate dates and which resulted in two separate indictments. "Under these circumstances, the fact that the sentences were entered on the same day and that

---

[4] *Harris v. State*, 254 Ga. App. 125, 126 (561 SE2d 467) (2002).

[5] *Hansberry v. State*, 260 Ga. App. 480, 481 (1) (580 SE2d 274) (2003).

[6] *Jones v. State*, 243 Ga. App. 374, 376 (1) (533 SE2d 437) (2000).

the sentences ran concurrent does not require the conclusion that the two prior convictions had been 'consolidated for trial' within the meaning of OCGA § 17-10-7 [(d)[7]].'' (Punctuation omitted.) *Self v. State*.[8] See *Philmore v. State*;[9] *Harper v. State*.[10] Accordingly, the trial court did not err in sentencing McSears under OCGA § 17-10-7 (c). See *Self*, supra, 288 Ga. App. at 79 (2); *Harper*, supra, 270 Ga. App. at 380 (3).

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JULY 17, 2008.

*Teddy L. Henley*, for appellant.

*Leigh E. Patterson, District Attorney, Finnis K. Salmon, Assistant District Attorney*, for appellee.

---

[7] The 1994 amendment to OCGA § 17-10-7 struck the entire statute and added what is now current subsection (c). Former subsection (c), regarding consolidation of convictions, became current subsection (d). See Ga. L. 1994, p. 1959, § 12.

[8] *Self v. State*, 288 Ga. App. 77, 79 (2) (653 SE2d 787) (2007).

[9] *Philmore v. State*, 263 Ga. 67, 70 (6) (428 SE2d 329) (1993).

[10] *Harper v. State*, 270 Ga. App. 376, 379-380 (3) (606 SE2d 599) (2004).