A11A0671. GAUDLOCK v. THE STATE.
(713 SE2d 399)

BLACKWELL, Judge.
John Thomas Gaudlock was tried by a Hall County jury and convicted of unlawfully possessing both cocaine[1] and more than an ounce of marijuana.[2] He appeals from the judgment of conviction, asserting that the State failed to adduce sufficient evidence at trial of his possession of more than an ounce of marijuana and that the trial court erred when it admitted evidence of a similar transaction. We see no error and affirm.

---

[1] See OCGA § 16-13-30 (a).
[2] See OCGA §§ 16-13-2 (b); 16-13-30 (j).

1. We first consider whether the evidence adduced at trial is sufficient to sustain the conviction for possession of more than an ounce of marijuana.[3] Gaudlock does not dispute that the State presented competent evidence that he possessed marijuana and that the marijuana in his possession had a weight of 28.8 grams, and he also does not dispute that 28.8 grams is more than an ounce. He claims, however, that the evidence is insufficient to sustain his conviction because no witness testified about how many grams equal an ounce. We find no merit in this claim.

The possession of an ounce or less of marijuana is a misdemeanor, see OCGA § 16-13-2 (b), and the possession of more than an ounce of marijuana is a felony. See OCGA § 16-13-30 (j). So, to prove felony possession of marijuana, the State must prove that the weight of the marijuana exceeded one ounce. See *Whatley v. State*, 189 Ga. App. 173, 175 (4) (375 SE2d 245) (1988). But to discharge this burden, we do not think that it is necessary for the State to come forward with evidence of how many grams equal an ounce, even if its witnesses testify about the weight of the marijuana in terms of grams.[4] This is because the word "ounce"—as that word is used in the relevant statute, OCGA § 16-13-2 (b)—has a definite and precise meaning, and its meaning is a question of law, not fact.[5] See *Expedia, Inc. v. City of Columbus*, 285 Ga. 684, 689 (4) (681 SE2d 122) (2009) ("The interpretation of statutes and ordinances is a question of law. . . .") (citation omitted). When the statute refers to an "ounce" of marijuana, it refers, as a matter of law, to an avoirdupois ounce, which is the equivalent of, when rounded up to the nearest hundredth of a gram, 28.35 grams.[6] See *Pasuer v. State*, 271 Ga. App. 259,

---

[3] Gaudlock challenges the sufficiency of the evidence only with respect to his conviction for possessing more than an ounce of marijuana. He does not dispute that the evidence is sufficient to sustain his conviction for possession of cocaine.

[4] In support of his argument that, when the State offers evidence of the weight of marijuana in terms of grams, it must also offer affirmative evidence about how many grams equal an ounce, Gaudlock cites our decisions in *Sloan v. State*, 172 Ga. App. 620, 620 (2) (323 SE2d 834) (1984), and *Olds v. State*, 293 Ga. App. 884, 888-889 (3) (668 SE2d 485) (2008). In each case, we found sufficient evidence in the record that the defendant possessed more than an ounce of marijuana, and we mentioned in each opinion that the State had presented evidence of how many grams equal an ounce. But neither case addressed, much less held, whether the State *must* present such evidence when its evidence of weight is expressed in terms of grams, rather than ounces. These decisions, consequently, do not control the outcome of this case.

[5] Because the definition of an "ounce," as that term is used in the statute, is a question of law, it may be appropriate in some cases for a party to request a jury charge on the definition of an "ounce" as expressed in grams. But nothing in this opinion should be understood to suggest that an instruction always is required, especially absent a request for it, or that the failure to give such an instruction amounts to reversible error. We need not decide such things today.

[6] According to the National Institute of Standards and Technology, an agency of the United States Department of Commerce formerly known as the National Bureau of Standards,

260, n. 3 (609 SE2d 193) (2005), overruled on other grounds, *Vergara v. State*, 283 Ga. 175, 177 (1) (657 SE2d 863) (2008). The number of grams in an ounce is not something that varies from case to case or is open to reasonable dispute. Because the State adduced evidence at trial that Gaudlock had possession of 28.8 grams of marijuana — which is, by definition, more than one ounce of marijuana — the evidence is sufficient to sustain the conviction for possession of more than one ounce of marijuana.

2. We next consider whether the trial court abused its discretion when it admitted evidence of a similar transaction.[7] The evidence in this case shows that, on April 27, 2008, a Gainesville police officer stopped a vehicle in which Gaudlock was a passenger. After the driver and another passenger exited this vehicle — leaving Gaudlock as its only remaining occupant — the officers saw several bags thrown from the vehicle. Officers searched the area around the vehicle and found two bags containing marijuana and a third bag containing 1.87 grams of cocaine. The convictions in this case are based on Gaudlock's possession of this marijuana and cocaine.

The prosecuting attorney asked the trial court to permit the State to present evidence at trial that Gaudlock also had been found in possession of cocaine on April 15, 2008, less than two weeks before the incident that gave rise to the charges for which Gaudlock was being tried. After a hearing, at which the trial court determined that the evidence of the April 15 incident was probative of whether Gaudlock had an intent to possess the cocaine thrown from the vehicle on April 27, the trial court gave the State leave to present such evidence at trial. The State did so, and this evidence shows that, on April 15, a confidential informant working with the Gainesville Police Department met Gaudlock and asked if he knew where the informant could buy cocaine. Gaudlock said that he did, and he directed the informant to a nearby location. At that location, Gaudlock retrieved less than a gram of cocaine and then sold it to the informant.

As our Supreme Court has explained, before evidence of another

---

one avoirdupois ounce is precisely 28.349523125 grams. Specifications, Tolerances, and Other Technical Requirements for Weighing and Measuring Devices, National Institute of Standards and Technology, Handbook No. 44, Appendix C at 12 (2010). Pursuant to OCGA § 10-2-2,

> [t]he definitions of basic units of weight and measure, the tables of weight and measure, and weights and measures equivalents as published by the National Bureau of Standards [now the National Institute of Standards and Technology] are recognized and shall govern weighing and measuring equipment and transactions in the State of Georgia.

[7] We will disturb the decision of a trial court to admit evidence of a similar transaction only when the trial court has abused its discretion. *Moore v. State*, 288 Ga. 187, 190 (3) (702 SE2d 176) (2010).

crime may be admitted as a similar transaction,

> the State must show that it seeks to introduce the evidence for an appropriate purpose; that there is sufficient evidence to establish that the accused committed the independent act; and that there is a sufficient connection or similarity between the independent act and the crime charged so that proof of the former tends to prove the latter.

*Johnson v. State*, 289 Ga. 22, 24 (2) (709 SE2d 217) (2011) (citation and punctuation omitted). Gaudlock does not dispute that the State offered evidence of the April 15 incident for an appropriate purpose, to show intent, or that there is sufficient evidence to establish that Gaudlock possessed cocaine on April 15. Instead, Gaudlock contends that the April 15 incident is not similar enough to the April 27 incident because he sold cocaine on April 15, whereas he was charged only with simple possession of cocaine on April 27. We do not agree.

"When considering the admissibility of similar transaction evidence, the proper focus is on the similarities, not the differences, between the separate crimes and the crimes in question." *Hall v. State*, 287 Ga. 755, 757 (2) (699 SE2d 321) (2010). Here, both incidents involved the possession of cocaine. The possession on April 15 was for the purpose of distribution — inasmuch as the evidence shows that Gaudlock did, in fact, distribute the cocaine on that occasion — and the possession on April 27 was for an unknown purpose and not clearly for personal use.[8] One incident involved possession and sale of less than one gram of cocaine, the other involved possession of less than two grams of cocaine. Both incidents occurred in Hall County within a span of two weeks. Given these similarities, we cannot conclude that the trial court abused its discretion in this case. See *Slaughter v. State*, 282 Ga. App. 276, 279 (1) (638 SE2d 417) (2006) (trial court did not err in cocaine trafficking case when it admitted evidence that defendant had, on another occasion, possessed one "rock" of crack cocaine); *Drummond v. State*, 278 Ga. App. 631, 633 (1) (629 SE2d 543) (2006) (trial court did not err in cocaine trafficking case when it admitted

---

[8] Gaudlock says we should infer that the cocaine he possessed on April 27 was for personal use, but the evidence does not demand that inference, even if it permits it. That Gaudlock was not charged with possession of cocaine with intent to distribute on April 27 does not mean that he, in fact, did not intend to distribute that cocaine. Why he possessed that cocaine is unknown, and this ambiguity distinguishes this case from the case on which Gaudlock chiefly relies, *King v. State*, 230 Ga. App. 301, 303 (1) (496 SE2d 312) (1998) (trial court erred when, in case in which defendant was charged with possession of methamphetamine in his bodily fluids, it admitted evidence that defendant had sold methamphetamine many years before).

evidence of similar transaction involving possession of one "hit" of cocaine).

For these reasons, we affirm the judgment of conviction below. *Judgment affirmed. Barnes, P. J., and Adams, J., concur.*

DECIDED JUNE 1, 2011 —
RECONSIDERATION DENIED JUNE 20, 2011 —

*Charles E. W. Barrow*, for appellant.

*Lee Darragh, District Attorney, Shiv Sachdeva, Assistant District Attorney*, for appellee.