A11A1429. BELL v. THE STATE.
(715 SE2d 830)

PHIPPS, Presiding Judge.

A jury found Michael Bell guilty of armed robbery and violating OCGA § 16-13-30 (j) (1) by possessing, delivering and distributing more than one ounce of marijuana.[1] Bell appeals from the drug

---

[1] See OCGA § 16-13-30 (j) (1) (providing pertinently that it is unlawful for any person to possess, deliver or distribute marijuana); OCGA § 16-13-30 (j) (2) (providing pertinently that, except as otherwise provided in OCGA § 16-13-2, any person who violates this subsection shall be guilty of a felony); OCGA § 16-13-2 (b) (providing for misdemeanor punishment for

conviction only, contending that the evidence was insufficient because the felony conviction was based upon the uncorroborated testimony of an accomplice. We disagree and affirm.

When an appellant challenges the sufficiency of the evidence to support his convictions, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2] An appellant no longer enjoys a presumption of innocence and, in evaluating the sufficiency of the evidence, we do not weigh the evidence or determine witness credibility.[3]

Viewed in the light most favorable to the prosecution, the evidence at trial showed the following. Kenneth Joines testified that on May 31, 2009, he rode with Bell to an apartment complex so that Bell could deliver marijuana. While en route, Joines overheard Bell talking on his cell phone with a woman and heard Bell say he would place something in a white vehicle in the parking lot of the complex. When they arrived at the apartment complex, Joines saw Bell place two ounces of marijuana in his pockets, get out of the car, and walk to a white pickup truck. After Bell placed the marijuana in the truck, he went into an apartment and then returned to the car.

Ashley Spooner testified that Bell, who was an acquaintance, phoned her on the evening of May 31, 2009 to find out if she "needed" any marijuana. Spooner indicated that she did, and the two arranged to meet. At about 1:00 a.m. on June 1, 2009, Bell again phoned Spooner, who instructed him to leave the marijuana in her truck. At 4:00 a.m., Spooner arrived home and went to the truck, but she could not find the marijuana. Spooner phoned Bell, who told her that the marijuana was inside a DVD player in the truck. Spooner located the DVD player on the front seat of the truck and took it inside the apartment. Bell told her how to open the DVD player; inside it, she found three bags of marijuana. The DVD player had a strong odor of marijuana. Spooner removed the bags of marijuana from the DVD player. When police officers arrived later that morning, Spooner gave them the three bags of marijuana.

A police officer testified that, on June 1, 2009, he interviewed Joines in connection with the investigation of an armed robbery. Based upon information supplied by Joines, officers went to Spooner's apartment. Spooner gave the officers a DVD player, which the officer testified smelled of marijuana. A second officer testified that police

---

possession of one ounce or less of marijuana).

[2] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

[3] *McSears v. State*, 292 Ga. App. 804-805 (665 SE2d 890) (2008).

seized from the apartment a DVD player and approximately three ounces of suspected marijuana. A police detective, who was certified to perform marijuana testing, testified that the substance contained in the three bags tested positive for marijuana and weighed a total of 81.1 grams.[4] Bell and Joines were charged with, among other things, possession, delivery and distribution of more than one ounce of marijuana.

Bell contends that his drug conviction cannot stand because Joines's testimony that Bell possessed the marijuana was uncorroborated. It is true that "[u]nder Georgia law the testimony of a single accomplice, standing alone, is insufficient to convict an accused."[5] Indeed, "to sustain a felony conviction based upon the testimony of an accomplice, there must be independent corroborating evidence, either testimony from another witness or corroborating circumstances, which connects the accused to the crime."[6]

Bell's conviction was not based upon the uncorroborated testimony of a single accomplice. As discussed above, Joines's testimony that Bell possessed the marijuana was corroborated by testimony from other witnesses.

> [C]orroborating evidence need not be sufficient to warrant a guilty verdict or prove every material element of the crime; it need only tend to connect and identify the defendant with the crime charged. The sufficiency of the corroborating evidence is a matter for the jury, and if the verdict is based upon the slightest evidence of corroboration connecting an accused to a crime, even if it is circumstantial, it is legally sufficient.[7]

Joines's testimony did not need to be corroborated in every material detail.[8] The evidence was sufficient to enable a rational trier of fact to find Bell guilty beyond a reasonable doubt of the charged offense.[9]

---

[4] See *Truelove v. State*, 302 Ga. App. 418, 419 (691 SE2d 549) (2010) (one ounce is equivalent to approximately 28.349 grams).

[5] *Martinez v. State*, 306 Ga. App. 512, 519 (1) (702 SE2d 747) (2010) (citations, punctuation and footnotes omitted).

[6] Id.

[7] Id. (citations, punctuation and footnotes omitted); see *Preval v. State*, 302 Ga. App. 785, 787-788 (1) (692 SE2d 51) (2010); *Howard v. State*, 291 Ga. App. 386 (662 SE2d 203) (2008); *Hill v. State*, 290 Ga. App. 140, 142 (1) (658 SE2d 863) (2008); *Terrell v. State*, 268 Ga. App. 173, 175 (2) (601 SE2d 500) (2004).

[8] *Mitchell v. State*, 279 Ga. 158, 159 (1) (611 SE2d 15) (2005).

[9] See id.; *Curtis v. State*, 282 Ga. App. 322 (638 SE2d 773) (2006).

*Judgment affirmed. Andrews and McFadden, JJ., concur.*

DECIDED AUGUST 16, 2011.

*Sharon L. Hopkins*, for appellant.
*Garry T. Moss, District Attorney, Patricia G. Hull, Cliff Head, Assistant District Attorneys*, for appellee.