**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**June 6, 2013**

# In the Court of Appeals of Georgia

A13A0524. STOVER v. THE STATE.

MILLER, Judge.

Following a jury trial, Isiah Stover was convicted of trafficking in cocaine (OCGA § 16-13-31 (a) (1) (B)) and possession of a drug related object, a digital scale (OCGA § 16-13-32.2 (a)). Stover filed a motion for new trial, which the trial court denied. On appeal, Stover contends that the trial court erred in admitting similar transaction evidence. Discerning no error, we affirm.

"On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict." (Punctuation and footnote omitted.) *Goss v. State*, 305 Ga. App. 497 (699 SE2d 819) (2010).

So viewed, the evidence was that, on February 27, 2007, on Interstate 20 in Douglas County, an officer stopped Stover for a traffic violation. The officer walked to the passenger side of the vehicle and found passenger Cyril Williams staring straight ahead and breathing pretty fast. The officer asked Stover for his driver's license and noticed that Stover was also breathing very fast and his hands were trembling. Asked if the vehicle were his, Stover replied that it had been rented by his girlfriend and he produced the rental agreement. After asking Stover to get out of the vehicle and talking to him, the officer received permission to pat Stover down for his protection and found a large wad of cash, later found to be $700, in Stover's pocket. Even though the officer told Stover he was only going to issue a warning for the traffic violation, Stover became even more nervous. Stover and Williams gave inconsistent explanations of where they had been and where they were going. As the officer was talking to passenger Williams, he noticed a brown sack under the passenger seat and asked Williams what it was. Williams then pushed the sack further under the seat with his foot.

As the officer continued to write the warning ticket, he asked Stover if he could search the vehicle and Stover gave permission. The officer obtained the brown sack and found a large amount of crack cocaine, a large amount of powder cocaine, and

a digital scale. Another officer who had arrived as backup also found a smaller amount of cocaine between the front seats. The cocaine seized weighed 260.90 grams.

Williams testified that Stover picked him up in Birmingham and drove him to Atlanta. During the ride, Stover told Williams his cousin would be meeting them. They met the cousin in a Wal-Mart parking lot and then followed him to an apartment where he obtained drugs and the digital scale which Stover placed into a bag and gave to Williams.

In addition to being involved in the February 2007 incident, co-defendant Williams[1] testified that he was with Stover on February 2, 1999, in an automobile in Birmingham, Alabama. Stover was driving and Williams was trying to obtain cocaine from Stover. An officer conducted a traffic stop and, when a backup officer arrived, she noticed the first officer remove two bags containing cocaine from the car. Stover pled guilty to unlawful possession of a controlled substance for this incident.

On March 27, 2003, Jefferson County Alabama officers executed a search warrant on Stover's residence in Birmingham. During the search, officers found marijuana. The officers also found packaged cocaine in a wall socket and in a television set. Stover told officers that he normally went to Atlanta to pick up his

---

[1] Williams pled guilty to trafficking in cocaine prior to Stover's trial.

drugs and that his cousin would arrange the deal for him. Stover pled guilty to possession of a controlled substance arising from this search.

In his sole enumeration of error, Stover contends that the trial court erred in allowing into evidence the 2003 incident as a similar transaction. We disagree.

We review the trial court's decision to admit similar transaction evidence for any abuse of its discretion in doing so and the trial court's factual findings as to the similarity of the incidents are reviewed under a clearly erroneous standard.[2] *Holloman v. State*, 291 Ga. 338, 343 (6) (729 SE2d 344) (2012).

> Before evidence of another crime may be admitted as a similar transaction,
>
> the State must show that it seeks to introduce the evidence for an appropriate purpose; that there is sufficient evidence to establish that the accused committed the independent act; and that there is a *sufficient connection or similarity* between the independent act and the crime charged so that proof of the former tends to prove the latter.

(Citation and punctuation omitted, emphasis supplied.) *Gaudlock v. State*, 310 Ga. App. 149, 152 (2) (713 SE2d 399) (2011). Cf. *Slaughter v. State*, 282 Ga. App. 276, 278 (1) (638 SE2d 417) (2006).

---

[2] Here, following a hearing, the trial court found the 1999 and 2003 incidents "sufficiently similar" for the purpose of showing knowledge and intent.

4

Stover argues that five differences between the 2003 and 2007 incidents render admission of the 2003 incident error: (1) different venues, as the 2003 incident occurred in Stover's home in Birmingham while the 2007 incident occurred in a rental car on a Georgia highway; (2) the contraband was stashed in different places, as he hid the drugs behind a loose wall socket and in a television set in 2003, while in 2007, the drugs were in a brown bag under the seat of the car; (3) the amount of drugs found were very dissimilar and gave rise to different crimes - the 2003 incident involved mere possession of contraband, while the 2007 incident involved a trafficking amount; (4) different kinds of drugs, marijuana and cocaine in 2003, but only cocaine in 2007; and 5) the parties involved were different because Williams was the passenger under whose seat the drugs were found in 2007.

A prior crime need not be "identical in character to the charged offense if there is a *sufficient connection* between them." (Citation and punctuation omitted; emphasis supplied.) *Wells v. State*, 237 Ga. App. 109, 113 (4) (514 SE2d 245) (1999). "When considering the admissibility of similar transaction evidence, the proper focus is on the similarities, not the differences, between the separate crimes and the crimes in question." (Citation omitted.) *Gaudlock*, supra, 310 Ga. App. at 152 (2).

5

Here, both the 2003 and the 2007 incidents involved the possession and concealment of cocaine. More importantly, during both incidents, Stover described the process by which he obtained his drugs, i.e., he drove to Atlanta to meet his cousin who then arranged to provide him with the drugs. Moreover, we note that, since Stover does not allege error in the admission of the 1999 similar transaction, error, if any, in admission of the 2003 incident would be harmless. See *Grimes v. State*, 280 Ga. 363, 364-365 (2) (628 SE2d 580) (2006); *Bryant v. State*, 304 Ga. App. 755, 759 (3) (697 SE2d 860) (2010). Therefore, we find that the trial court did not abuse its discretion in allowing the State to introduce evidence of Stover's 2003 drug possession. See *Farley v. State*, 317 Ga. App. 628, 631-633 (2) (732 SE2d 131) (2012) (prior offense admissible where both prior crime and instant offense involved hand-to-hand street level sales).

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*